**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 18-04264 (ESL) |
| ELVIN J. OTERO MARTINEZ | CHAPTER 13 |
| Debtor. | |

**OPPOSITION TO *MOTION FOR RECONSIDERATION***
(Related ECF No. 87)

TO THE HONORABLE COURT:

COMES NOW creditors Eliut Ortiz Maldonado and Catalina Rosario Suárez ("Creditors"), through its undersigned counsel, and respectfully states and prays as follows:

Procedural Background

1. On July 12, 2022, Creditors filed a *Motion to Dismiss* with a 1-year bar to re-file a bankruptcy case (the "*Motion to Dismiss*", ECF No. 84) affording a 30-day objection notice. The *Motion to Dismiss* was premised on the Debtors' failure to disclose assets.

2. Because the Debtor was served electronically through CM/ECF[1], the 30-day deadline to file a response to the *Motion to Dismiss* was due on August 11, 2022. The Debtor did not file a timely response.

3. On August 15, 2022, the Court entered an *Order Dismissing Case* (ECF No. 85) that reads as follows:

> The motion to dismiss filed by Eliut Ortiz Maldonado and Catalina Rosario Suarez (Docket #84) having been duly notified to all parties in interest, and no replies having been filed, it is now
>
> ORDERED that the instant case be and is hereby dismissed for the reasons stated in the motion to dismiss; and it is further
>
> ORDERED that the Clerk shall dismiss and close any contested matter or adversary proceeding related to the instant case. The debtor is enjoined from filing a bankruptcy petition for a period of one year.

*Order Dismissing Case*, ECF No. 85.

---

[1] Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R.2014).

4. On August 16, 2022, the Debtor filed a *Motion for Reconsideration of Dismissal and Extension of Time to Respond to Motion to Dismiss* (the "*Motion for Reconsideration*", ECF No. 87). The Debtor's only allegation is that on August 11, 2011 (that is, the last day to file a response to the *Motion to Dismiss*) the Debtor's attorney became "substantially ill and was later diagnosed with COVID-19". See id., p. 2, ¶ 6.

Applicable Law and Discussion

*(A)    Applicable standard for motions for reconsideration under Fed. R. Civ. P. 59(e).*

5. Because the *Motion for Reconsideration* (ECF No. 87) was filed within 14 days of the entry of the *Order Dismissing Case* (ECF No. 85), we will analyze it under the scope of Fed. R. Civ. P. 59(e), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023. See In re Nieves Guzman, 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017) ("the applicable rule [referring to either Fed. R. Civ. P. 59(e) or 60(b)] depends on the time such motion is filed").

6. In Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 (1st Cir. 2005), the U.S. Court of Appeals for the First Circuit established four (4) grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e): (a) manifest errors of law and fact; (b) newly discovered or previously unavailable evidence; (c) manifest injustice; and (d) an intervening change in controlling law.

7. A motion under Fed. R. Civ. P. 59(e) "must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision". In re Ortiz Arroyo, 2015 Bankr. LEXIS 3837, at **9-10 (Bankr. D.P.R. 2015) (Lamoutte, B.J.) (quotations omitted).

8. Motions for reconsideration do not "provide a vehicle for a party to undo its own procedural failures", Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006), and "should not give parties a 'second bite at the apple' or 'another roll of the dice'". Conway v. A.I. duPont Hosp. for Children, 2009 U.S. Dist. LEXIS 45198 at *13, 2009 WL 1492178 at *4 (E.D. Pa. 2009). Also see BBVA v. Santiago-Vazquez (In re Santiago-Vazquez),

471 B.R. 752, 761 (B.A.P. 1st Cir. 2012) ("in denying reconsideration, the bankruptcy court correctly applied the [] First Circuit precedent against a second bite at the apple").

*(B)  Because the Debtor's attorney's illness is not a factor to consider under Fed. R. Civ. P. 59(e) and cannot be considered "excusable neglect" in any event, the Motion for Reconsideration should be denied.*

9. The Debtor's *Motion for Reconsideration* does not allege, much less demonstrate, any of the aforestated criteria for motions for reconsideration: it does not allege or demonstrate a manifest error of law and fact; newly discovered or previously unavailable evidence; a manifest injustice; and/or an intervening change in controlling law. Simply stated, the *Motion for Reconsideration* does not meet the criteria for reconsideration relief under Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023.

10. The *Motion for Reconsideration* hinges on the Debtor's attorney's COVID-19 diagnosis on August 11, 2022, to wit, the last day to file a response to the *Motion to Dismiss*. However, even if the court were to consider the failure to timely respond as "excusable neglect" (which is not a criterion to consider for motions for reconsideration under Fed. R. Civ. P. 59(e)), the Bankruptcy Appellate Panel for the First Circuit has observed that:

> Many attorneys suffer from long-term or chronic illnesses and manage quite well to represent their clients without sacrificing the rights of those clients. An attorney suffering from such an illness must obtain appropriate assistance or supports to avoid reasonable risks of harm to clients, and, failing that, withdraw from ongoing representations and decline to take on new cases.

Jackson v. ING Bank, FSB (In re Jackson), 2017 WL 3822869, at *18 (B.A.P. 1st Cir. 2017) (quoting In re LaClair, 360 B.R. 388, 398 (Bankr. D. Mass. 2006)).

11. Therefore, the Debtor's *Motion for Reconsideration* should be denied because it fails to allege and demonstrate any applicable criterion under Fed. R. Civ. P. 59(e). And as stated, motions for reconsideration do not "provide a vehicle for a party to undo its own procedural failures", Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*,* 455 F.3d at 15-16, and "should not give parties a 'second bite at the apple' or 'another roll of the dice'". Conway v. A.I. duPont Hosp. for Children, 2009 U.S. Dist. LEXIS 45198 at *13, 2009 WL 1492178 at *4.

<u>Prayer for Relief</u>

WHEREFORE, Creditors respectfully move the Court to deny the Debtor's *Motion for Reconsideration* (ECF No. 87).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 20th day of August, 2022.

<u>Certificate of Service</u>

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case, including the Debtor's counsel and the U.S Trustee for Region 21.

**Ferraiuoli** LLC
Attorneys for Creditors
PO Box 195168
San Juan, PR 00919-5168
Tel.: (787) 766-7000
Fax: (787) 766-7001

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Frances C. Brunet-Uriarte*
FRANCES C. BRUNET-URIARTE
USDC-PR No. 307006
fbrunet@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com