**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In Re: | Case No.:  **18-04264 ESL** |
| **ELVIN J. OTERO MARTINEZ** | |
| **(XXX-XX-4420)** | Chapter 13 |
| **Debtor(s)** | |

**DEBTOR'S RESPONSE TO OPPOSITION TO MOTION FOR RECONSIDERATION
(DOC. NO. 90)**

TO THE HONORABLE COURT:

COMES NOW, Debtor(s), represented by the undersigned counsel and respectfully ALLEGES and PRAYS as follows:

## I.    <u>INTRODUCTION</u>

1.    On July 27th, 2018 Debtor filed the above captioned Chapter 13 bankruptcy case.

2.    Creditors Eliud Ortiz and Catalina Rosario (the "Creditors") were listed by Debtor as secured claim holders in Schedule D of the bankruptcy petition. <u>Exhibit #1</u> (Schedule D; Doc. No. 1, page 19-20).

3.    Creditors lien was an involuntary judicial lien attached over Debtor's residential property, resulting from a 2009 civil judgment that was obtained by Creditors in a pre-petition money collection complaint, filed against Debtor back in 2007 (Civil Case # B4CI2007-00543; Puerto Rico First Instance Court, Orocovis Division).

4.    The bankruptcy petition was duly notified to Creditors by the Clerk of the Bankruptcy Court. <u>Exhibit #2</u> (Doc. No. 7; Certificate of Service of Bankruptcy Filing). In the same, Creditors were not only informed of the <u>bar date</u> to file their proof of claim, in this case <u>October 5th, 2018</u>, but also of the deadline to file a complaint to challenge dischargeability, in this case October 29th, 2018.

5.      Creditors **never filed a proof of claim**. Therefore, Creditors do not share in the distribution of assets from the estate, as they elected not to be paid under the plan. 11 U.S.C. § 502(b)(9), In re Branch, 228 B.R. 831, 835 (Bankr.W.D.Virginia 1998), citing In re Macias, 195 B.R. 659, 662 (Bankr.W.D.Texas 1996). In addition, Creditors never filed a complaint to challenge dischargeability nor objected to the confirmation of Debtor's proposed Chapter 13 Plan.

6.      On June 27th, 2019 Debtor's proposed Chapter 13 Plan was confirmed. Doc. #39. The confirmed plan (Doc. #33) not only provided for a cramdown of Creditors secured claim, to the value of the collateral that secured the same (Debtor's residential property), in this case $0.00, but also established that non-priority unsecured claims would be paid **100%, plus 4.25 legal interest**. *See* Section 3.2 and 8.4 of the confirmed Chapter 13 Plan (Doc. #33).

7.      On November 23rd, 2020 Debtor filed a proposed Post-Confirmation Modification of Chapter 13 Plan (the "PCM", Doc. #56). Per the Certificate of Service included in the PCM, Creditors were duly served of the same. Also *see* Doc. #61 (Certificate of Service with copy of certified mail certifications of both creditors and the Conjugal Partnership composed by both of them).

8.      Just as is in the original Chapter 13 Plan that was confirmed in the case, the PCM established that non-priority unsecured claims would be paid **100%, plus 4.25 legal interest**. *See* Section 8.11 of the PCM (Doc. #56).

9.      In addition, through Section 3.2 of the PCM, supplemented by Section 8.13 of the same, Debtor avoided Creditors pre-petition involuntary judicial lien. Section 8.13 of the PCM reads as follows:

> **8.13 This Section Supplements LBF G, Part 3, Section 3.2 (Regarding Lien Release Upon Discharge):**
>
> The confirmed plan (Doc. #33) provided for a Cramdown of this creditors claim, to the value of the collateral that secured the same

(Debtor's residential property), in this case $0.00. The instant PCM supplements the Cramdown by establishing that upon discharge, the lien in favor of Mr. Eliut Ortiz Maldonado, his wife Catalina Rosario Suárez García and the conjugal partnership composed by them (hereinafter "Creditor") will automatically terminate and be released by the Creditor. Upon discharge the Register of the Property Puerto Rico, Section of Barranquitas, is to execute the release of the lien in favor of Creditor, on request of the Creditor or on request of the above captioned Debtor, over lot #12,811, regarding Judgment in Civil Case (Case # ending 00543), annotated at page 141 of volume 233 (or any other section of the Register of the Property records).

10.     Creditors never objected to the confirmation of Debtor's proposed PCM.

11.     On February 12th, 2021 Debtor's proposed PCM was confirmed. Doc. #74.

12.     It is well known that generally, an order confirming a Chapter 13 plan is *res judicata* as to all justiciable issues that were or could have been raised at the confirmation hearing. In re Echevarria, 212 B.R. 185, 188 1st Cir. BAP 1997, aff'd. 141 F.3d 1149 1st Cir.1998. Likewise, the principle of *collateral estoppel* (or *issue preclusion*), bars relitigation of any factual or legal issue that was actually decided in previous litigation "between the parties, whether on the same or a different claim." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30-31 (1st Cir.1994). These judicial doctrines and their relevance over the instant motion will be further discussed later in this motion.

13.     In addition, as of the confirmation of Debtor's PCM, Creditors are not only **non-claim holders** in the instant case, but creditors whose **pre-petition involuntary judicial lien was avoided** by this Honorable Court.

14.     On July 12, 2022, Creditors filed a Motion to Dismiss with a 1-year bar to re-file a bankruptcy case (the "Motion to Dismiss", Doc. #84). The same is premised on the alleged concealment on the part of Debtor of two (2) assets from the bankruptcy schedules, namely, his Debtor's alleged interest in two (2) corporations named "Cooperativa de Trabajo Asociado de Comunicaciones de Puerto Rico Comuni Coop." (Register No. 405295) and "ElvinElectric, Inc."

(Register No. 401779). *See* Exhibit I and II, Motion to Dismiss. According to Creditors Motion to Dismiss, Debtor's supposed intentional concealment constituted good cause cause to dismiss the instant case with a 1 year bar to re-file.

15.     The "Certificate of Service" contained in Creditor's Motion to Dismiss reads as follows:

> "Certificate of Service
>
> We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants in this case, including the **Debtor's counsel**, the Chapter 13 Trustee, and the U.S Trustee for Region 21." (Emphasis added)

16.     On August 15th 2022, this Honorable Court entered an Order granting Creditor's Motion to Dismiss as *unopposed*. Doc. #85. This determination was made by the Court since Debtor did not file a timely opposition to the Motion to Dismiss.

17.     On August 16, 2022, the Debtor filed a Motion for Reconsideration of Dismissal and Extension of Time to Respond to Motion to Dismiss (the "Motion for Reconsideration", Doc. #87).

18.     In the Motion for Reconsideration, Debtor explained, *inter alia*, that the only reason why the Motion to Dismiss was not timely opposed was due to the fact that his attorney of record was unable to respond to the same since he was diagnosed with COVID-19 and instructed by his physician to isolate and abstain from work. Proper evidence regarding this fact was attached to the Motion for Reconsideration.

19.     The Motion for Reconsideration establishes that the same was being filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which is applicable to this matter pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure.

20.     On August 20, 2022, Creditors filed an Opposition to Motion for Reconsideration (the "Opposition", Doc. #90). In the same, Creditors primarily argue that Debtor's Motion for Reconsideration does not meet the applicable criteria under Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023.

21.     On September 12th, 2022 this Honorable Court granted Debtor proper leave to file a response to Creditors Opposition. Doc. #96. Pr the Order entered on October 11th, 2022 Debtor has until this same day to file his response.  As a result, Debtor files the instant motion in response to Creditors Opposition.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard for Granting Motions to Alter or Amend

22.     Fed. R. Civ. P. 59(e), made applicable to bankruptcy cases through Fed. R. Bankr. P. 9023, provides that a motion to alter or amend judgment should be filed within ten days of the entry of judgment. "Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence." Kansky v. Coca-Cola Bottling Co. Of New England, 521 F.3d 76 (1st Cir. 2008), citing Marie v. Allied Home Mortgage Co., 402 F.3d 1, 7 n. 2 (1st Cir. 2005) (stating that Rule 59(e) motions are generally unlikely to succeed because the movant must `clearly establish a manifest error of law' or provide newly discovered evidence).

23.     Rule 59(e) includes motion for reconsideration. 11 Charles Alan Wright et al., Federal Practice and Procedure S 2810.1 (2007). Any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment if it seeks to change the order or judgment issued. Id., citing Villanueva-Mendez v. Nieves Vazaquez, 360 F. Supp. 2d 320 (D.P.R. 2005).

24.     Because "Rule 59(e) does not state the grounds on which relief may be granted …. courts have **considerable discretion** in deciding whether to grant or deny a motion under the

rule." <u>In re Nieves Guzman</u>, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (quoting <u>ACA Fin. Guar.</u>

<u>Corp. v. Advest, Inc.</u>, 512 F.3d 46, 55 (1st Cir. 2008)) (internal quotations omitted).

25.     Reconsideration of a judgment after its entry is an extraordinary remedy which

should be used sparingly. Federal Practice and Procedure, *id*. "Unless the court has

**misapprehended some material fact** or point of law, such a motion is normally not a promising

vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."

(Emphasis added) <u>Palmer v. Champion Mortgage</u>, 465 F.3d 24, 30 (1st Cir. 2006).

26.     "There are four basic grounds upon which a Rule 59(e) motion may be granted.

> First, the movant may demonstrate that the motion is necessary to
> **correct manifest errors of** law or **fact** upon which the judgment is
> based.

> Second, the motion may be granted so that the moving party **may**
> **present** newly discovered or **previously unavailable evidence**.

> Third, the motion will be granted if necessary to **prevent manifest**
> **injustice**.

> ...

> Fourth, a Rule 59(e) motion may be justified by an intervening change
> in controlling law." (Emphasis added)

Federal Practice and Procedure, *id*.

27.     A motion for reconsideration is property when the court has patently misunderstood

a party, has made a decision outside the adversarial issues presented, or has made a mistake not of

reasoning but of apprehension. <u>Gregg v. American Quasar Petroleum Co.</u>, 840 F. Supp. 1394 (D.

C. Colo. 1991); <u>In re Ortiz</u>, Case No. 97-14400 (Bankr.P.R. 8/23/2007) (Bankr. P.R. 2007).

28.     Similarly, the First Circuit has generally noted four grounds for granting a motion

for reconsideration pursuant to Fed. R. Civ. P. 59, namely: i) "**manifest errors** of law or **fact**,

newly discovered or **previously unavailable evidence**, **manifest injustice**, and an intervening

change in controlling law." (Emphasis added)  Marie v. Allied Home Mortgage Corp., 402 F.3rd

1, 7 (1st Cir. 2005) (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed.

1995)).

29.     "It is well settled in the First Circuit that to meet the threshold requirements of Rule

59(e), the motion must demonstrate the 'reason why the court should reconsider its prior

decision....' In re Nieves Guzman, 567 B.R. at 863 (quoting In re Arroyo, 544 B.R. 751, 756

(Bankr. D.P.R. 2015)). The moving party is generally held as having to produce to the court a

"'clear conviction of error' or belief that the final judgment was 'dead wrong.'" Steven S. Gensler,

2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 59, Westlaw (February 2017).

30.     Clearly, "[a] motion for reconsideration is not the venue to undo procedural snafus

or permit a party to advance arguments it should have developed prior to judgment, nor is it a

mechanism to regurgitate old arguments previously considered and rejected." In re Nieves

Guzman, 567 B.R. at 863 (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir.

2014) (citations omitted) (internal quotations omitted).

### B.     Standard for Dismissal of a Bankruptcy Case for Cause and Bad Faith

31.     Section 1307(c)(1) of the Bankruptcy Code provides for the dismissal of a case

under Chapter 13 "for cause, including unreasonable delay by the debtor that is prejudicial to

creditors". 11 U.S.C. § 1307(c)(1).

32.     "The list of grounds for dismissal or conversion found in § 1307 is not exhaustive;

the court is not limited by the specific circumstances specifically mentioned there. Other factors

warranting dismissal of a rubric of 'lack of good faith' often referred to as 'bad faith'." In re

Gonzalez Ruiz, 341 B.R. 371, 382 (1st Cir. BAP 2006). "The powers bestowed upon the court in §

105(a) include the equitable and discretionary power to dismiss a case under § 1307(c)." Howard

v. Lexington Invs., 284 F.3d 320, 323 (1st Cir. 2002).

33.     In interpreting the Bankruptcy Court's equitable powers Section 105, the U.S. Supreme Court has stated that "[a] bankruptcy court has statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code'". Law v. Siegel, 571 U.S. 415 (2014), 188 L. Ed. 2d 146, 134 S. Ct. 1188 (2014), quoting 11 U.S.C, § 105(a).

34.     Bankruptcy Courts routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words "for cause." In re Llanos, 578 B.R. 700 (Bankr. P.R. 2017). In practical effects, a ruling that an individual's Chapter 13 case should be dismissed because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. Id. That individual, in other words, is not a member of the class of "'honest but unfortunate debtor[s]' that the bankruptcy laws were enacted to protect." Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 373–374, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

35.     "The determination of whether the movant has established prima facie that there is a lack of good faith (or bad faith) in the filing of a bankruptcy petition is a fact intensive inquiry in which the court analyzes the **totality of the circumstances**." In re Costa Bonita Beach Resort Inc., 479 B.R. 14, 40 (Bankr. D.P.R. 2012).

36.     Bankruptcy courts generally consider the following factors in analyzing the totality of the circumstances test to determine whether a Chapter 13 petition has been filed in bad faith: (1) the debtor's accuracy in stating her debts and expenses; (2) the debtor's honesty in the bankruptcy process, including whether he or she has attempted to mislead the court and whether he or she has made any misrepresentations; (3) whether the Bankruptcy Code is being unfairly manipulated; (4) the type of debt sought to be discharged; (5) whether the debt would be dischargeable in a Chapter 7; (6) the debtor's motivation and sincerity in seeking Chapter 13 relief; (7) the debtor's history of

filings and dismissals; and (8) whether egregious behavior is present. In re Gonzalez–Ruiz, 341 B.R. 371, 383 (1st Cir. BAP 2006); In re Cabral, 285 B.R. 563, 573 (1st Cir. BAP 2002).

**C.**     **Required Notice of Motions to Dismiss**

37.     Creditors motion to dismiss was predicated on section §1307(c), 349(a), 109(g) and 105(a) of the Bankruptcy Code. *See* ¶13 and ¶28, Motion to Dismiss.

38.     Section 1307 of the Bankruptcy Code provides, in the pertinent part, that "on request of a party in interest ... and after notice and a hearing, the court may ... dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. §1307. The procedure for dismissals that are not a matter of right is governed by Fed R. Bankr. P. 1017. Rule 1017(f), in turn, provides that Rule 9014 governs a proceeding to dismiss under §1307(c).

39.     Fed R. Bankr. P. 9014 covers contested matters. A contested matter is a dispute between parties who are opposing each other with respect to relief sought by one of them. 10 Collier on Bankruptcy ¶9014.01 (16th ed.). In addition, pursuant to Fed R. Bankr. P. 7001, contested matters are commenced by a motion. Therefore, it is well known that a proceeding seeking dismissal of a bankruptcy case is commenced by a motion, not a complaint or adversary proceeding.

40.     Fed R. Bankr. P. 9014(a) also provides that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." "The clear intention of Rule 9014 is that, when a response to a motion is filed, a hearing must be held in order to determine the contested matter." 10 Collier on Bankruptcy ¶ 9014.03 (16th ed.).

41.     Pursuant to Fed R. Bankr. P. 9014, a motion commencing a contested matter is to be **served** on **the party against whom relief is sought in the manner provided in Rule 7004**. Rule 7004, provides for service by mail as alternative means to personal service or service

pursuant to state law. Service **upon the debtor _and_ its attorney** at the addresses shown in the petition will suffice; proof of actual receipt is not required. 10 Collier on Bankruptcy ¶ 7004.03 (16th ed.), also _see_ Fed R. Bankr. P. 7004(b)(9) and 7004(g).

42.     In the instant case and as previously stated, the Creditor's Motion to Dismiss clearly establishes that the same was only served on "Debtor's counsel" electronically through the CM/ECF system. Therefore, it is an undisputed fact that said motion was **never served upon Debtor**.

     **D.**    _**Res judicata effect of a confirmed plan under § 1327 and Collateral Estoppel**_

43.     For a chapter 13 plan to be confirmed, a debtor must satisfy the requirements of 11 U.S.C. §1325(a). Amongst the requirements found in Section 1325 the following are included: (1) "the plan has been proposed in good faith and not by any means forbidden by law;" and (2) "the action of the debtor in filing the petition was in good faith." 11 U.S.C. §1325(a)(3) and (7).

44.     Section 1325(a)(7) was enacted by the Bankruptcy Abuse Prevention and Consumer Act of 2005 (BAPCPA). Section 1325(a)(7) differs from Section 1325(a)(3) because the latter refers to filing a proposed plan in good faith, and the former refers to filing the bankruptcy petition in good faith.

45.     "Prior to the 2005 enactment of this provision, some courts found bad faith filing of the petition to be grounds for dismissal of the case. By providing a specific remedy in section 1325(a)(7) for bad faith filing of the petition, Congress has presumably indicated that denial of confirmation, rather than dismissal, is the appropriate way to prevent such conduct." Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1325.08 (16th ed. 2011); _See_ also; In re Hieter, 414 B.R. 665, 670 (Bankr. D. Idaho 2009) ("Because BAPCPA effectively codified the good faith filing requirement previously employed in the case law, that case law is applicable to any analysis of §1325(a)(7)"); In re Manno, 2009 Bankr. Lexis 142, fn. 9 (Bankr. Page 16 E.D. Pa.

2009). In In re Torres Martinez, 397 B.R. 158, 1651 (B.A.P. 1st Cir. 2008), the court implied (in dicta) that subsequent to BAPCPA the requirement that the debtor must file the bankruptcy petition in good faith resides in 11 U.S.C. §1325(a)(7) rather than in 11 U.S.C. §1307(c).

46. Section 1327 provides that, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. §1327(a). "Section 1327 is a strong statement: The terms of a confirmed plan are legal obligations of the debtor and all creditors without regard to whether the plan provides for the creditor's claim and without regard to whether the creditor participated in the confirmation process." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §229.1, at ¶ [1], Sec. Rev. Oct. 8, 2010, www.Ch13online.com.

47. The purpose of Section 1327(a) is to give **finality** to a confirmation order so that all the parties may rely on the same. *See* Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1327.02[1] (16th ed. 2011). However, the *res judicata* effect of 11 U.S.C. §1327 may be revoked or eliminated pursuant to 11 U.S.C. §1330, which requires that a petition to that effect be filed within 180 days after the date of the entry of an order of confirmation pursuant to Section 1325. The binding effect of confirmation as *res judicata* encompasses all the issues that were or could have been litigated by the parties at or before the confirmation hearing. *See* Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §229.1, at ¶ [4], Sec. Rev. Oct. 8, 2010, www.Ch13online.com; In re Curtis, 2010 Bankr. Lexis 1252 (Bankr. S. D. Ill. 2010).

48. The essential elements of *res judicata* (or claim preclusion) are: (1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both suits. Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30-31 (1st Cir.1994) (citations omitted). Once these elements are established, claim preclusion

bars the relitigation of any issue that was, or might have been, raised in respect to the subject matter of the prior litigation. *Id*. Likewise, the principle of *collateral estoppel* (or *issue preclusion*), bars relitigation of any factual or legal issue that was actually decided in previous litigation "between the parties, whether on the same or a different claim." *Id*. (citations omitted).

49.    Finally, in In re Marquez, Case No. 10-03882 (Bankr. P.R. 2011) this very same court agreed with the case of In re Curtis, supra, which held that filing the petition in good faith is one of the requirements to confirm a plan under 11 U.S.C. §1325(a)(7), thus **confirmation of the plan bars litigation or relitigation of the debtor's good faith on a motion to dismiss**. (Emphasis added) *Id*., quoting In re Curtis, 2010 Bankr. Lexis 1252; Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1325.08 (16th ed. 2011) ("Moreover, once a plan is confirmed, the confirmation order should constitute a binding determination that the petition was filed in good faith that **precludes granting dismissal on the grounds that the petition was not filed in good faith**"). (Emphasis added)

### III.    DISCUSSION AND LEGAL ARGUMENTS

#### A.    Debtor has demonstrated the existence of previously unavailable evidence

50.    In the instant case, the Court granted Creditors Motion to Dismiss as the same was deemed as unopposed. In essence, since the thirty (30) day response period had elapsed without Debtor having filed an opposition to the same, the Court reasonably concluded that Debtor did not oppose to the facts that were raised by Creditors in their Motion to Dismiss and/or the remedies requested therein.

51.    Nonetheless, after the Court entered the order granting Creditors Motion to Dismiss as unopposed and as part of Debtor's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), **previously unavailable evidence** was presented to the Court. Namely, evidence that demonstrated that the only reason that Debtor did not file a timely opposition to Creditors Motion to Dismiss

was due to the fact that his attorney of record was diagnosed with COVID-19 and instructed by his physician to isolate and abstain from work. Said situation affected the entire office of the undersigned attorney, who for several days had to primarily work remotely and abstain from having direct contact with clients.

52.     Debtor's counsel was unable to file the evidence of his COVID-19 diagnosis prior to the conclusion of the deadline to respond to the Motion to Dismiss, since on the very last day to respond to the he became substantially ill and later that day was diagnosed with COVID-19.

53.     As a result of the aforementioned, as of August 11th, 2022 until the date that the motion for reconsideration was filed the undersigned attorney had been bedridden and suffering from substantial COVID-19 symptoms. In addition, the Paxlovid medication that was prescribed to the undersigned attorney has caused significant drowsiness, making it impossible to work or perform most other daily functions. Said situation made it impossible for the undersigned attorney to file a timely response to Creditors motion to dismiss and/or file a timely motion requesting extension of time to respond before the response period elapsed.

**B.     The reconsideration is necessary to correct a manifest error of fact upon which the order is based**

54.     As previously discussed, the Court's order granting Creditors Motion to Dismiss is not based on the substantive merits of the same or arguments contained therein, but on the conclusion that Debtor did not oppose to the same, since the thirty (30) day response period had elapsed without Debtor having filed an opposition to said motion. Therefore, the primary fact upon which the Court granted Creditors dismissal request was that Debtor did not oppose to the same.

55.     Nonetheless, through Debtor's Motion for Reconsideration it has been proven that the previously mentioned fact upon which the dismissal order was based is simply incorrect. It is

not that Debtor did not oppose to Creditors dismissal request or acted carelessly in the prosecution of this case, but that he was unable to file a timely opposition to the Motion to Dismiss since on the last day to respond his attorney of record became substantially ill, was diagnosed with COVID-19 and instructed by his physician to isolate and abstain from work.

56.     As previously discussed, Fed. R. Civ. P. 59(e) is the adequate procedural tool to correct this manifest error of fact upon which the dismissal order is based.

### C.     The opportunity for an adjudication on the merits should prevail

57.     As previously discussed, dismissal for prepetition bad-faith conduct is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. In re Llanos, supra.

58.     Due to its consequences, dismissal of a Chapter 13 case for supposed bad faith acts on the part of Debtor undoubtedly requires that the Court perform a careful analysis of the basis upon which said request is based, especially if the dismissal request also asks that the Court to bar the Debtor from filing a future bankruptcy case. Clearly, said result is reserved for cases in which egregious bad faith on the part of Debtor has been proven by the movant.

59.      Nonetheless, due to circumstances completely out of Debtor's control, he was unable to file a timely response to Creditors Motion to Dismiss.

60.     Since the determination of whether the movant has established prima facie that there is a lack of good faith (or bad faith) in the filing of a bankruptcy petition is a **fact intensive inquiry** in which the court is called to analyze the **totality of the circumstances** (In re Costa Bonita Beach Resort Inc., supra), it is clear that under the circumstances of the case the final adjudication of Creditors Motion to Dismiss should be based on the substantive merits of the same, and not on the movant obtaining an unfair advantage from the fact that Debtor was unable to file a timely response due to the significant illness of his attorney resulting from his COVID-19 diagnosis.

61.     Clearly, adjudication on the merits of Creditors Motion to Dismiss would require that Debtor be afforded a reasonable opportunity to file a response to the same. This would only be fair and proper under circumstances of the case, but would also be in keeping with longstanding judicial policy favoring adjudication on the merits of important judicial matters.

**D.      Creditors are attempting to gain an unfair advantage from the COVID-19 Pandemic**

62.     As it is well known, for nearly three (3) years the entire world has been dealing with the devastating effects of the COVID-19 Pandemic. While social management of this deadly disease has continued to improve month by month, the observance of proper protocols and precautionary measures on the part of individuals who become infected by the virus are of the upmost importance for avoiding community spread of the same.

63.     The aforementioned has created significant disruptions in our day to day lives, including but not limited to judicial proceedings.

64.     Therefore, it is quite unfortunate that Creditors would attempt to gain an unfair advantage from this dangerous pandemic and the fact that the undersigned attorney was directly affected by the same. In that regard and considering the particular circumstances of the instant case, it is clear that the Court should reject Creditors efforts to avoid having their Motion to Dismiss properly adjudicated after Debtor having been afforded a proper opportunity to respond to the same. Fairness and justice require nothing less.

**E.   "Excusable neglect" is grounds for extension of time after the expiration of the original period**

65.     Fed. R. Bankr.P. 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period

originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was **the result of excusable neglect**." (Emphasis added)

66.     In the instant case, Debtor's request for an extension of time to respond to Creditors Motion to Dismiss, included in the Motion for Reconsideration, was filed after the expiration of the original thirty (30) day period to file the response. Nonetheless, in the instant case the failure to file a timely response was clearly the result of excusable neglect. Therefore, pursuant to Fed. R. Bankr.P. 9006(b)(1) and 11 U.S.C. § 105(a), the Court has ample discretion to grant the request for extension of time to respond that Debtor has requested.

67.     Contrary to the case law that was cited by Creditors in their Opposition, <u>Jackson v. ING Bank, FSB (In re Jackson)</u>, 2017 WL 3822869, at *18 (B.A.P. 1st Cir. 2017), COVID-19 is not the sort of "long-term or chronic illness" that can be held against an attorney that suddenly becomes ill from the same. The mere comparison of the cited case law to the instant case demonstrates the temerarious nature of Creditors position.

**F.     <u>The reconsideration is necessary to prevent a manifest injustice</u>**

68.     As established in Debtor's Motion for Reconsideration, "[u]nder these circumstances, maintaining the dismissal order (with bar to refile) without giving Debtor the opportunity to respond to the same would be a gross miscarriage of justice." ¶11, Motion for Reconsideration.

69.     In the particular case, the maintaining of the order dismissing the instant Chapter 13 case with a 1-year bar to re-file a bankruptcy case would constitute a manifest injustice, due to the following:

a)   The only reason that Debtor did not file a timely response to Creditors Motion to Dismiss was due to circumstances completely out of his control, as well as completely out of the control of his attorney of record.

b)   In the instant case the illness suffered by the undersigned attorney was totally debilitating, at least temporarily, not only due to its nature but also due to the physician written instruction to isolate and abstain from work.

c)   Debtor has clearly met the legal standard for reconsideration of the order dismissing the case, pursuant to Fed. R. Civ. P. 59(e).

d)   Through his Motion for Reconsideration Debtor is not attempting to raise arguments which could, and should, have been made before dismissal order was issued, since the fact is that due to circumstances completely out of his control, Debtor was never able to file his arguments before said order was entered.

e)   Through his Motion for Reconsideration Debtor is not attempting to obtain a *second* chance to prevail on the merits. To the contrary, all that the reconsideration seeks is for Debtor to be given a *first* and fair opportunity to respond to Creditors Motion to Dismiss so the same can be adjudicated on its merits.

f)   While Creditors Motion to Dismiss is predicated on Debtor's alleged concealment of assets in his bankruptcy schedules, the fact that Debtor's confirmed Chapter 13 Plan provides that non-priority unsecured claims would be paid **100%, plus 4.25 legal interest**. Therefore, even assuming arguendo that some nominal interest in a corporation was accidently left out of Debtor's schedules, the fact is that said oversight in no way affected the interest of the creditors of the case.

g)   Creditors are not claim holders of the instant case with a right to distribution from the estate, and their secured lien was avoided by the confirmed PCM.

Therefore, they essentially have no standing to raise any issue regarding the instant case.

h)  Creditors never served the Motion to Dismiss on Debtor pursuant to Fed. R. Bankr. P. 9014 & 7004, as the same was only served on "Debtor's counsel" electronically through the CM/ECF system.

i)  Confirmation of Debtor's original Chapter 13 Plan, as well as the PCM, both of which were served on Creditors,

j)  The *Res Judicata* effect of a confirmed plan under § 1327 and Collateral Estoppel bars Creditors from attempting to relitigate Debtor's good faith on a motion to dismiss. In re Marquez, supra. In fact, the confirmation order of Debtors PCM constitutes a binding determination that the petition was filed in good faith that **precludes granting dismissal on the grounds that the petition was not filed in good faith**"). *Id*.

k)  For more than four (4) years Debtor has complied with his confirmed Chapter 13 Plan, affording him the right to continue to pursue the new financial beginning that the Bankruptcy Code is designed to provide him.

70.  As previously discussed, pursuant to Fed. R. Civ. P. 59(e), this Honorable Court has **considerable discretion** in deciding whether to grant or deny a motion under the rule. In re Nieves Guzman, supra. Therefore, based on the aforementioned and under the circumstances of the case, it is clear that the proper exercise of said discretion calls for the granting of Debtors Motion for Reconsideration.

## IV.    CONCLUSION

1.    Under the particular circumstances of the instant case, discussed herein, it is Debtor's respectful position that he has clearly met the legal standard for reconsideration of the order dismissing the case, pursuant to Fed. R. Civ. P. 59(e).

2.    Therefore, based on the foregoing facts and applicable law, it is abundantly clear that Debtor's Motion for Reconsideration should be granted by this Honorable Court.

**WHEREFORE**, for the reasons stated above, it is respectfully requested that this Honorable Court deny Creditors Opposition to Motion for Reconsideration (Doc. #90) and grant the remedies requested in Debtor's Motion for Reconsideration (Doc. #87).

**CERTIFICATE OF SERVICE, I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee and to all CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this **October 11th**, **2022**.

**IGNACIO GARCIA FRANCO**
USDC No. 231410
Attorney for Debtor
P.O. Box 361844
San Juan, PR  00936
Tel (787) 478-3379
Fax 1-888-860-9135

/s/ Ignacio García Franco, Esq
Ignacio García Franco, Esq.
E-mail: ignaciolaw@gmail.com

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **ELVIN J OTERO MARTINEZ** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF PUERTO RICO |
| Case number (if known) | |

**EXHIBIT #1**

☐ Check if this is an amended filing

## Official Form 106D
### Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

| | Column A | Column B | Column C |
|---|---|---|---|
| **2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** | **Unsecured portion**<br>If any |

| **2.1** | **ELIUT ORTIZ MALDONADO** | Describe the property that secures the claim: | **$16,048.08** | **$80,000.00** | **$0.00** |
|---|---|---|---|---|---|

Creditor's Name

BO GATO CARR 155 KM 30.0 URB COLINAS 1 Orocovis, PR 00720 Orocovis County

BO GATO CARR 155 KM 30.0  #2G

STRUCTURE IS CONCRET 3 BEDROOMS 2 BATHROOMS

**PO BOX 1588
OROCOVIS, PR 00720**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset) _____

DEBT SECURRED WITH DEBTOR'S RESIDENCE LOCATED IN BO GATO OROCOVIS PR

Date debt was incurred          Last 4 digits of account number     **0543**

| **2.2** | **FRANKLYN CREDIT MANAGEMENT** | Describe the property that secures the claim: | **$132,062.00** | **$80,000.00** | **$0.00** |
|---|---|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1  **ELVIN J OTERO MARTINEZ**                                    Case number (if know) _____

First Name      Middle Name       Last Name

| Creditor's Name | |
|---|---|
| | **BO GATO CARR 155 KM 30.0 URB COLINAS 1 Orocovis, PR 00720 Orocovis County** |
| | **BO GATO CARR 155 KM 30.0  #2G** |
| | **STRUCTURE IS CONCRET 3 BEDROOMS 2 BATHROOMS** |

**PO BOX 362394
SAN JUAN, PR
00936-2394**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)   **RESIDENCE LOCATED AT: BO GATO CARR 155 KM 30.0 #2G OROCOVIS, PR 00720**

**Mortgage account opened 10/06**

Date debt was incurred          **Last 4 digits of account number** **5433**

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | **$148,110.08** |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$148,110.08** |

**Part 2:  List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐ Name, Number, Street, City, State & Zip Code
**BUFETE VAZQUEZ & VIZCARRONDO LLP
LCDA. DIOMARIE LABOY RIVERA
PO BOX 195389
SAN JUAN, PR 00919-5389**

On which line in Part 1 did you enter the creditor?  **2.2**

Last 4 digits of account number ___

☐ Name, Number, Street, City, State & Zip Code
**CATALINA ROSARIO SUAREZ
PO BOX 1588
OROCOVIS, PR 00720**

On which line in Part 1 did you enter the creditor?  **2.1**

Last 4 digits of account number ___

☐ Name, Number, Street, City, State & Zip Code
**LCDO. EFRAIN HERNANDEZ ALICEA
PO BOX 1193
COROZAL, PR 00783**

On which line in Part 1 did you enter the creditor?  **2.1**

Last 4 digits of account number ___

☐ Name, Number, Street, City, State & Zip Code
**LCDO. IVAN L MONTALVO BURGOS
108 SUR CALLE LUIS MUNIZ RIVERA
CAYEY, PR 00736**

On which line in Part 1 did you enter the creditor?  **2.1**

Last 4 digits of account number ___

United States Bankruptcy Court
District of Puerto Rico

**EXHIBIT #2**

In re:
ELVIN J OTERO MARTINEZ
            Debtor

Case No. 18-04264-ESL
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0104-3          User: admin          Page 1 of 1          Date Rcvd: Jul 30, 2018
                             Form ID: 309I         Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 01, 2018.
db              +ELVIN J OTERO MARTINEZ,   APARTADO 257,   OROCOVIS, PR 00720-0257
smg              FEDERAL LITIGATION DEPT. OF JUSTICE,   PO BOX 9020192,   SAN JUAN, PR 00902-0192
smg             +PR DEPARTMENT OF LABOR,   PO BOX 195540,   HATO REY, PR 00919-5540
4612990         +Att Services,   Po Box 192830,   San Juan, PR 00919-2830
4612992          BUFETE VAZQUEZ & VIZCARRONDO LLP,   LCDA. DIOMARIE LABOY RIVERA,   PO BOX 195389,
                  SAN JUAN, PR 00919-5389
4612993         +CATALINA ROSARIO SUAREZ,   PO BOX 1588,   OROCOVIS, PR 00720-1588
4612996         +Citibank  South Dakota  N.a.,   PO Box 740281,   HOUSTON, TX 77274-0281
4612997         +DEPARTAMENTO DE HACIENDA DE PR,   PO BOX 9020192,   SAN JUAN, PR 00902-0192
4612999         +ELIUT ORTIZ MALDONADO,   PO BOX 1588,   OROCOVIS, PR 00720-1588
4613000          FRANKLYN CREDIT MANAGEMENT,   PO BOX 362394,   SAN JUAN, PR 00936-2394
4613003         +LCDO. EFRAIN HERNANDEZ ALICEA,   PO BOX 1193,   COROZAL, PR 00783-1193
4613004         +LCDO. IVAN L MONTALVO BURGOS,   108 SUR CALLE LUIS MUNIZ RIVERA,   CAYEY, PR 00736-4703

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty              E-mail/Text: vthomas@thomasmag.com Jul 30 2018 19:19:46     VICTOR THOMAS SANTIAGO,
                  127 DE DIEGO AVE APT 1-A,   SAN JUAN, PR  00911
tr               E-mail/Text: ebnmail@ch13-pr.com Jul 30 2018 19:19:58     JOSE RAMON CARRION MORALES,
                  PO BOX 9023884,   SAN JUAN, PR  00902-3884
smg              EDI: PRTREAS Jul 30 2018 23:08:00     DEPARTAMENTO DE HACIENDA,   PO BOX 9024140,
                  OFICINA 424-B,   SAN JUAN, PR  00902-4140
smg              E-mail/Text: ustpregion21.hr.ecf@usdoj.gov Jul 30 2018 19:20:34     US TRUSTEE,
                  EDIFICIO OCHOA,   500 TANCA STREET SUITE 301,   SAN JUAN, PR  00901-1922
ust              E-mail/Text: ustpregion21.hr.ecf@usdoj.gov Jul 30 2018 19:20:34     MONSITA LECAROZ ARRIBAS,
                  OFFICE OF THE US TRUSTEE (UST),   OCHOA BUILDING,   500 TANCA STREET  SUITE 301,
                  SAN JUAN, PR  00901
4612994         +EDI: CINGMIDLAND.COM Jul 30 2018 23:08:00     CINGULAR,   5407 ANDREWS HIGHWAY,
                  MIDLAND, TX 79706-2851
4612998         +EDI: PRTREAS Jul 30 2018 23:08:00     DEPARTAMENTO DE HACIENDA DE PR,
                  CAPITAL CENTER-TORRE NORTE SUITE 1504,   235 AVE ARTERIAL HOSTOS,   SAN JUAN, PR 00918-1451
4613001          EDI: IRS.COM Jul 30 2018 23:08:00     INTERNAL REVENUE SERVICES,   BANKRUPTCY SECTION,
                  BOX 7346,   PHILADELPHIA, PA 19101-7346
4613005         +EDI: RESURGENT.COM Jul 30 2018 23:08:00     Lvnv Funding Llc,   Po Box 740281,
                  Houston, TX 77274-0281
                                                                                 TOTAL: 9

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4612991*        +Att Services,   Po Box 192830,   San Juan, PR 00919-2830
4612995*        +CINGULAR,   5407 ANDREWS HIGHWAY,   MIDLAND, TX 79706-2851
4613002*         INTERNAL REVENUE SERVICES,   BANKRUPTCY SECTION,   BOX 7346,   PHILADELPHIA, PA 19101-7346
                                                                   TOTALS: 0, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 01, 2018                       Signature:   /s/Joseph Speetjens

─────────────────────────────────────────────────────────────────────────

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 28, 2018 at the address(es) listed below:
NONE.                                                              TOTAL: 0

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **ELVIN J OTERO MARTINEZ** | Social Security number or ITIN   **xxx–xx–4420** |
| | First Name    Middle Name    Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **District of Puerto Rico** | | Date case filed for chapter   **13   7/27/18** |
| Case number:   **18–04264 –ESL 13** | | |

## Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | ELVIN J OTERO MARTINEZ | |
| 2. | **All other names used in the last 8 years** | aka ELVIN JOSE OTERO MARTINEZ, dba ELVIN ELECTRIC | |
| 3. | **Address** | APARTADO 257 OROCOVIS, PR 00720 | |
| 4. | **Debtor's attorney** Name and address | VICTOR THOMAS SANTIAGO 127 DE DIEGO AVE APT 1–A SAN JUAN, PR 00911 | Contact phone 787 722–5601 Email  vthomas@thomasmag.com |
| 5. | **Bankruptcy trustee** Name and address | JOSE RAMON CARRION MORALES PO BOX 9023884 SAN JUAN, PR 00902–3884 | Contact phone 787 977–3535 Email  newecfmail@ch13–pr.com |
| 6. | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at  www.pacer.gov. | Jose V Toledo Fed Bldg & US Courthouse 300 Recinto Sur Street, Room 109 San Juan, PR 00901 | Hours open  8:00 AM – 4:00 PM Contact phone (787) 977–6000 Date: 7/28/18 |

**For more information, see page 2**

Debtor **ELVIN J OTERO MARTINEZ**                                                                 Case number **18–04264**

| | |
|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **August 30, 2018 at 01:00 PM**    Location:<br>**OCHOA BUILDING, 500 TANCA STREET ,**<br>**FIRST FLOOR, SAN JUAN, PR 00901**<br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. |

| | | |
|---|---|---|
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 10/29/18** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 10/5/18** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 1/23/19** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| | |
|---|---|
| **9. Filing of plan** | The debtor has filed a plan. The hearing on confirmation will be held on:<br>**10/5/18** at **11:00 AM** , Location: **300 RECINTO SUR STREET, COURTROOM 2 SECOND FLOOR, SAN JUAN, PR 00901**<br><br>An objection to confirmation of the chapter 13 plan shall be filed at least 7 days prior to the hearing on confirmation.<br><br>The confirmation hearing may be continued by announcement at the confirmation hearing of the continued date and time without further written notice. |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. |