**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| IN RE: | CASE NO. 18-04264 (ESL) |
|---|---|
| ELVIN J. OTERO MARTINEZ | CHAPTER 13 |
| Debtor. | |

**OPPOSITION TO DEBTOR'S SECOND *MOTION FOR RECONSIDERATION***
(Related ECF No. 108)

TO THE HONORABLE COURT:

COMES NOW creditors Eliut Ortiz Maldonado and Catalina Rosario Suárez ("Creditors"), through its undersigned counsel, and respectfully states and prays as follows:

Procedural Background

1. On July 12, 2022, Creditors filed a *Motion to Dismiss* with a 1-year bar to re-file a bankruptcy case (the "*Motion to Dismiss*", ECF No. 84) affording a 30-day objection notice. The *Motion to Dismiss* was premised on the Debtors' failure to disclose assets.

2. Because the Debtor was served electronically through CM/ECF[1], the 30-day deadline to file a response to the *Motion to Dismiss* was due on August 11, 2022. The Debtor did not file a timely response.

3. On August 15, 2022, the Court entered the following *Order Dismissing Case* (ECF No. 85):

> The motion to dismiss filed by Eliut Ortiz Maldonado and Catalina Rosario Suarez (Docket #84) having been duly notified to all parties in interest, and no replies having been filed, it is now
>
> ORDERED that the instant case be and is hereby dismissed for the reasons stated in the motion to dismiss; and it is further
>
> ORDERED that the Clerk shall dismiss and close any contested matter or adversary proceeding related to the instant case. The debtor is enjoined from filing a bankruptcy petition for a period of one year.

*Order Dismissing Case*, ECF No. 85.

---

[1] Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R.2014).

4. On August 16, 2022, the Debtor filed a *Motion for Reconsideration of Dismissal and Extension of Time to Respond to Motion to Dismiss* (the "*Motion for Reconsideration*", ECF No. 87). The Debtor's only allegation was that on August 11, 2011 (that is, the last day to file a response to the *Motion to Dismiss*) the Debtor's attorney became "substantially ill and was later diagnosed with COVID-19". Id., p. 2, ¶ 6.

5. On August 20, 2022, the Creditors filed an *Opposition to Motion for Reconsideration* (ECF No. 90).

6. After a series of motions for leave to reply and extensions of time (ECF Nos. 91, 93, 94, 98 and 99), which were duly granted (ECF Nos. 96, 100 and 101), on October 12, 2022, the Debtor filed a *Response to Opposition to Motion for Reconsideration* (the "*Response*", ECF No. 102).

7. On October 12, 2022, the Court entered an *Order Denying Reconsideration* (ECF No. 103), noting that "neither the motion for reconsideration nor the debtor's response to creditor's opposition (docket #102) contest the facts alleged in the motion to dismiss as constituting cause for the dismissal of the case, that is, concealment of assets."

8. On October 25, 2022, the Debtor filed a *Motion for Relief of Order Dismissing Case (Doc. No. 85) and Order Denying Reconsideration … Pursuant to Fed. R. Civ. P. Rule 60(B)* (the "*Second Motion for Reconsideration*", ECF No. 108) restating the *same arguments* as in his prior *Response*. Compare the *Response* (ECF No. 102) with the *Second Motion for Reconsideration* (ECF No. 108).

Applicable Law and Discussion

9. "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice'". In re Redondo Constr. Corp., 2019 Bankr. LEXIS 3560, at *5, 2019 WL 6130938 (Bankr. D.P.R. 2019) (Lamoutte, B.J.). In other words, "[t]he system does not permit a party a second 'bite at the apple' when an issue has been decided against that party. If it did, litigation would be endless." Ultra-Temp Corp. v. Advanced Vacuum Sys., 194 F.R.D. 378, 383

(D. Mass. 2000).

10. Also, "[c]ourts discourage the filing of successive [motions for reconsideration] as 'wasteful of judicial resources.'" In re Jeans.com, 491 B.R. 16, 26 (Bankr. D.P.R. 2013) (Lamoutte, B.J.), quoting Arnold v. Farmers Ins. Co., 2012 U.S. Dist. LEXIS 67262 at *19, 2012 WL 1684537 at *7 (D.N.M. 2012). "A party cannot repeatedly renew a reconsideration on the same grounds that were denied." In re Jeans.com, 491 B.R. at 27.

11. Moreover, "[a] motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed..." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). As stated by the U.S. Court of Appeals for our First Circuit, "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the [] court prior to the judgment." Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted, emphasis added).

12. The Debtor's *Second Motion for Reconsideration* is a rehash of his prior arguments in the *Response* (ECF No. 102), which this Court has already considered, deemed unconvincing and denied in the *Order Denying Reconsideration* (ECF No. 103).

13. But even if the Court were to consider these same arguments under the scope of Fed. R. Civ. P. 60(b), the *Second Motion for Reconsideration* still fails to meet such standard.

14. The Debtor seeks his reconsideration under Fed. Rs. Civ. P. 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") and 60(b)(4) ("the judgment is void").

15. "[N]either mistake nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)". In re Morales, 2022 Bankr. LEXIS 893, at *3, 2022 WL 982724 (Bankr. D.P.R. 2022), citing Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co.), 316 B.R. 406, 416 (B.A.P. 1st Cir. 2004). "Bankruptcy courts have broad discretion in deciding motions for relief under Rule 60(b)(1)." Municipality of Carolina v. Gonzalez (In re Gonzalez), 490

B.R. 642, 652 (B.A.P. 1st Cir. 2013).

16. Here, the alleged "mistake" or "carelessness" stems from the Debtor himself. The *Motion to Dismiss* was granted as *unopposed*. See *Order Dismissing Case* (ECF No. 85); *Order Denying Reconsideration*, ECF No. 103 ("neither the motion for reconsideration nor the debtor's response to creditor's opposition (docket #102) contest the facts alleged in the motion to dismiss as constituting cause for the dismissal of the case, that is, concealment of assets"). Thus, any attempt to contest those facts or deem them a "mistake", or any argument to that effect at this juncture comes too late.

17. Furthermore, in the *Second Motion for Reconsideration*, the Debtor essentially concedes that he did not disclose assets, which was the reason why the court entered the *Order Dismissing Case* (ECF No. 85). For instance, in the *Sworn Affidavit* attached to the *Second Motion for Reconsideration*, the Debtor admits that "ELVINELECTRIC is a for-profit entity that [he] incorporated in November 27, 2017, around eight (8) months before the day that [he] filled [his] bankruptcy case", where he does won "ten (10) shares", valued at "$100.00" (ECF No. 108, p. 14, ¶¶ 11-12). Even if the Debtor believed those assets to be worthless, he *still* had an "absolute duty to report" them, In re Wood, 291 B.R. 219, 226 (B.A.P. 1st Cir. 2003), and he did not. See *Schedule A/B*, ECF No. 15, p. 5, Part 4, ¶ 19 (where the Debtor disclosed under oath that he did *not* have any legal or equitable interest in any non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture).

18. As stated by the U.S. Supreme Court, "there is no 'Oops' defense to the concealment of assets." Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 370 (2007) (underline added). More so in this case, where the Debtor is familiar with bankruptcy proceedings and the required disclosures because he has filed for bankruptcy *thrice*. See his previous bankruptcy Cases Nos. 13-02967 and 15-06376. Therefore, he cannot convincingly claim "bankruptcy ignorance". And regardless, "the failure of a debtor to comply with the requirements

of the Bankruptcy Code due to ignorance of the requirements of the law, whether on the part of the debtor or [his] counsel, is not sufficient to excuse the failure to meet the requirements of the law." In re Grasso, 341 B.R. 821, 823 (Bankr. D.N.H. 2006).

19. Finally, the allegation that the Court's ruling is void under Fed. R. Civ. P. 60(b)(4) is as unconvincing now as it was when the Debtor first raised it in his *Response* (ECF No. 102, pp. 9-10, ¶¶ 41-42). The Debtor alleges that "[s]ervice of process on a debtor in bankruptcy proceedings is governed by Fed R. Bankr. P. 9014(b)(9), which requires service upon both the debtor and the attorney, and not only upon the attorney". *Second Motion for Reconsideration*, ECF No. 108, p. 2, ¶ 5, citing In re Safon Ochart, 74 B.R. 131 (Bankr. P.R. 1986), In re C.R. Mckenzie, 57 B.R. 42, 43 (Bankr. D.S.C. 1985). First, Fed. R. Bankr. P. 9014(b)(9) does not currently exist. Second, the cases cited by the Debtor are from 1985 and 1986, that is, decades before the implementation of CM/ECF. Third, all the implicated motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing", P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R.2014), and the Debtor's own attorney has not alleged lack of notice.

## Prayer for Relief

WHEREFORE, Creditors respectfully move the Court to deny the Debtor's *Second Motion for Reconsideration* (ECF No. 108).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 1st day of November 2022.

## Certificate of Service

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case, including the Debtor's counsel and the U.S Trustee for Region 21.

**Ferraiuoli** LLC
Attorneys for Creditors
PO Box 195168
San Juan, PR 00919-5168
Tel.: (787) 766-7000
Fax: (787) 766-7001

    */s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

    */s/Frances C. Brunet-Uriarte*
FRANCES C. BRUNET-URIARTE
USDC-PR No. 307006
fbrunet@ferraiuoli.com

    */s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com