IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:

**ELVIN J. OTERO MARTINEZ
(XXX-XX-4420)**
                Debtor(s)

Case No.: **18-04264 ESL**

Chapter 13

## DEBTOR'S RESPONSE TO OPPOSITION FILED AT DOC. NO. 113

TO THE HONORABLE COURT:

COMES NOW Debtor, through the undersigned counsel, and very respectfully avers and prays a follow:

1. "Proper service is a hallmark of due process." In re Longwell (Bankr. N.D. Ohio 2019). The fundamental purpose for requiring proper service is to ensure that the defendant is both placed on notice of the commencement of the legal action and afforded an opportunity to present his objections. *Id*., quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314[, 70 S.Ct. 652, 94 L.Ed. 865] (1950); Tarbox v. Walters, 192 F.Supp. 816, 817 (E.D. Pa. 1961).

2. Bankruptcy Rule 7004 is the cornerstone for service of process in bankruptcy cases. The service requirement is not only applicable to service of process in an adversary proceeding, but also to **contested matters**. Bankruptcy Rule 9014 incorporates Bankruptcy Rule 7004 and requires a motion initiating a contested matter to be served in the same manner as a summons and complaint. Fed R. Bankr. P. 9014(b). Bankruptcy Rules 7004 and 9014 reflect the wide-reaching effect of bankruptcy court jurisdiction and congressional intent to facilitate service of process in bankruptcy proceedings and ensure that the due process rights of all parties in interest are protected.

3. The 1996 advisory committee notes to Bankruptcy Rule 7004 also state that service in accordance to this rule is the means by which the court obtains personal jurisdiction over a defendant. Therefore, "[w]ithout proper service, the court's authority to act is impaired." In re Longwell, supra.

-1-

4. Other bankruptcy rules also specify what is a contested matter by referencing Rule 9014 in their text. For instance, pursuant to Fed R. Bankr. P. 1007(f)(1), "Rule 9014 governs a proceeding to dismiss". Moreover, according to Fed R. Bankr. P. 9014, a motion to dismiss a bankruptcy case is a "contested matter". 1983 Advisory Committee Note to Fed R. Bankr. P. 9014. Under this rule a motion commencing a contested matter is to be **served on the party against whom relief is sought in the manner provided in Rule 7004**. Fed R. Bankr. P. 9014(b).

5. Bankruptcy Rule 7004(b)(9) instructs a plaintiff to serve a debtor "by **mailing a copy** of the summons and complaint **to the debtor at the address shown in the petition** or to such other address as the debtor may designate in a filed writing." Fed. R. Bankr. P. 7004(b)(9) (emphasis added). Bankruptcy Rule 7004(g) further states: "**If the debtor is represented by attorney**, whenever service is made upon the debtor under this Rule, **service shall also be made upon the debtor's attorney**....." Id. 7004(g) (emphasis added). "[S]trict compliance with [Bankruptcy] Rule 7004 serves to protect due process rights as well as to assure bankruptcy matters proceed expeditiously." Grabowski v. Shepherd (In re Shepherd), Case No. 18-13180 (JNP) (Bankr. D.N.J. Oct. 29, 2018), quoting In re M&L Bus. Mach. Co., 190 B.R. 111, 115-16 (Bankr. D. Colo. 1995). "Proper service not only assures that a defendant's rights will not be terminated in secret, but also allows a defendant to take immediate steps to avoid the imposition of liability." Id.

6. Accordingly, it is clear that under Fed R. Bankr. P. 7004(b)(9)[1] service of process of contested matters is required upon **both** the **debtor and the attorney**, and not **only upon the attorney**. In re Safon Ochart, 74 B.R. 131 (Bankr. P.R. 1986), quoting In re C.R. Mckenzie, et al., 57 B.R. 42, 43 (Bkrtcy. D.S.C.1985.) Deficient service of process upon the debtor results in lack of in

---

[1] It should be noted that in one paragraph of Debtor's Motion for Relief (¶5), this rule was incorrectly cited as Fed R. Bankr. P. 9014(b)(9). This was clearly a typographical error that in no way alters the substantive merits of Debtor's argument regarding the lack of personal jurisdiction on the basis of improper service pursuant to Fed. R. Bankr. P. 7004(b)(9).

personam jurisdiction. *Id*., quoting In re Valeu, 53 B.R. 549, 554 (Bkrtcy.D.N.D.1985). This case law is as good today as it was over thirty (30) years ago when it was entered.

7. Courts have consistently held that when a motion to dismiss a Chapter 13 case involves substantive issues, sufficient notice and the opportunity for an interested party to be heard generally must be given. U.S. Const. Amend. 5; 11 U.S.C.A. § 1307(c); In re Malek, 591 B.R. 420 (Bankr. N.D. Cal. 2018). In fact, before granting a motion to dismiss when no timely objection is filed on the part of Debtor, the court must determine that all parties were **properly noticed** and given sufficient opportunity to be heard **and that the motion has merits**. *Id*., quoting In re Nunez, 196 B.R. 150, 156 (9th Cir. BAP 1996) ("The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the motion.").

8. In the instant case, on August 15th, 2022 this Honorable Court entered an Order (Doc. #85) dismissing the above captioned bankruptcy case with a 1-year bar to refile, due to Debtor having failed to file a timely objection to creditors Eliud Ortiz and Catalina Rosario (the "Creditors") Motion to Dismiss, filed at Doc. No. 84 (hereinafter "Order Dismissing Case").

9. The Order Dismissing Case specifically states that "**having been duly notified to all parties in interest**, and no replies having been filed, it is now ORDERED that the instant case be and is hereby dismissed for the reasons stated in the motion to dismiss; […]." (Emphasis added)

10. On August 16th, 2022, the Debtor filed a Motion for Reconsideration of Dismissal and Extension of Time to Respond to Motion to Dismiss (the "Motion for Reconsideration", Doc. #87). In this motion, Debtor explained, *inter alia*, that the only reason why the Motion to Dismiss was not timely opposed was due to the fact that his attorney of record was unable to respond to the same since he was diagnosed with COVID-19 and instructed by his physician to isolate and abstain from work. Proper evidence regarding this fact was attached to the Motion for Reconsideration. Debtor's primary focus in the Motion for Reconsideration was for the Court to extend him a reasonable opportunity to

properly respond to the Motion to Dismiss and raise the appropriate defenses, since due to circumstances outside of the control of Debtor's counsel, he had been unable to file a timely response to the same.

11. Debtor's Motion for Reconsideration is unequivocal in that the same was filed pursuant to **Rule 59(e)** of the Federal Rules of Civil Procedure, which is **applicable to bankruptcy** proceedings under **Rule 9023** of the Federal Rules of Bankruptcy Procedure. ¶14, Doc. #87.

12. After several motions regarding Debtor's Motion for Reconsideration, namely Creditors Opposition (Doc. #90) and Debtor's Response to the Opposition (Doc. #102), on October 12th, 2022 this Honorable Court entered an Order denying Debtor's Motion for Reconsideration (hereinafter "Order Denying Reconsideration"). Doc. #103. In this Order, the Court stated that the denial of the Motion for Reconsideration was for the reasons stated in Creditors Opposition, as well as the fact that in his motions Debtor had not "contest[ed] the facts alleged in the motion to dismiss as constituting cause for the dismissal of the case, that is, concealment of assets."

13. On October 25th, 2022, Debtor filed a "MOTION FOR RELIEF OF ORDER DISMISSING CASE (DOC. NO. 85) AND ORDER DENYING RECONSIDERATION (DOC. NO. 103) AS NULL AND VOID FOR LACK OF PERSONAL JURISDICTION AND/OR FOR BEING ENTERED BY MISTAKE PURSUANT TO Fed. R. Civ. P. Rule 60(b)" (hereinafter "Motion for Relief" or "Motion to Vacate"). Doc. #108.

14. In the Motion for Relief Debtor averred that the Order Dismissing Case, as well as the Order Denying Reconsideration, are null and void since the Honorable Court not only lacked personal jurisdiction over Debtor on the basis of improper service, but also acted in a manner inconsistent with due process of law. In addition, Debtor averred that both of these orders should be set aside as they were entered by mistake. Debtor's Motion for Relief is unequivocal in that the same was being filed pursuant to Fed. R. Civ. P. Rule **60(b)(1)** and **(b)(4)**.

15. While Fed. R. Civ. P. Rule 59(e) and Fed. R. Civ. P. Rule 60(b) have certain similarities, "[t]hese two rules are distinct; [as] they serve different purposes and produce different consequences." In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) aff'd, 2001 WL 958803 (1st Cir. 2001) (citing Van Skiver v. United States, 952 F. 2d 1241, 1243 (10th Cir. 1991)). And while both of the rules may be used to achieve similar results, the similarities end there, as each one responds to its own judicial policy and have standards for relief that differ markedly.

16. Rule 60(b) of the Federal Rules of Civil Procedure is made **applicable to bankruptcy** proceedings through **Rule 9024** of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 9024. Rule 60(b) provides, in pertinent part, that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) **mistake**, inadvertence, surprise, or **excusable neglect**; . . . or (4) the judgment is **void**;…". Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments **not become instruments of oppression and fraud**. 10 Collier on Bankruptcy ¶9024.03 (15th ed. rev.).

17. The function of Rule 60(b) is to strike the proper balance between competing principles of finality and justice. Fielder v. Lakesite Enterprises, Inc., 871 S.W.2d 157 (Tenn. Ct. App. 1993), Henderson v. SAIA, Inc., 318 S.W.3d 328 (Tenn. 2010), Jerkins v. McKinney, 533 S.W.2d 275 (Tenn. 1976).

18. Rule 60(b) has been said to give "the court a 'grand reservoir of equitable power to do justice in a particular case.'" In re Gledhill, 76 F.3d 1070, 1080 (10th Cir. 1996); 35 Collier Bankr. Cas. 2d (MB) 648, Bankr. L. Rep. (CCH) P 76955, 34 Fed. R. Serv. 3d 1267 (10th Cir. 1996). As stated, under Rule 60(b) "the court **may relieve a party** or its legal representative from a final judgment, order, or proceeding", if the applicable standard is met. This s decidedly different from Rule 59(e), since a motion under this rule can seek only "reconsideration of matters properly

encompassed in a decision on the merits." White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).

19. As it pertains to Debtor's Motion for Relief, Rule 60(b)(4) provides that a court may relieve a party from a final judgment if it is **void**. Fed.R.Civ.P. 60(b)(4). "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." Kessler v. Crichton, 221 F.3d 1342, 1342 (8th Cir.2000) (unpublished; per curiam); Chambers v. Armontrout, 16 F.3d 257, 260 (8th Cir.1994). "[R]elief from a void judgment pursuant to Rule 60(b)(4) is not discretionary." Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir.2004) (internal citations omitted).

20. Likewise, Fed. R. Civ. P. 60(b)(1) authorizes a court, on motion, to relieve a party from a final judgment, order, or proceeding on grounds of **mistake**, inadvertence, surprise, or excusable neglect. A mistake for purposes of Fed. R. Civ. P 60(b) encompasses ***errors of law or fact by a court*** and errors by a court clerk, as well as errors by a party or a party's representative. Blitch v. U.S., 39 F.4th 827 (7th Cir. 2022), resolving a disagreement among the circuits that under Rule 60(b)(1) a "mistake" allowing a party to seek relief from a final judgment or order is not limited to mistakes of fact, but also includes a judge's error of law.

21. In the instant case, Debtor's Motion for Relief makes a prima facie showing that the Order Dismissing Case and the Order Denying Reconsideration are null and void because the court lacked personal jurisdiction over Debtor on the basis of improper service of process. In particular, Debtor pointed to the fact that the "Certificate of Service" contained in Creditors Motion to Dismiss clearly demonstrates that this motion was never served on Debtor, as required under Fed R. Bankr. P. 9014 and/or Fed R. Bankr. P. 7004(b)(9), since the same was only served to Debtor's attorney through the "CM/ECF system". In addition, the fact is that Debtor **never received** a copy of the Motion to Dismiss. ¶6, Exhibit #1, Doc. #108.

22. Nonetheless, on November 1st, 2022 Creditors filed an Opposition to Debtor's Motion for Relief. Doc. No. 113. In the same, Creditor allege that Debtor's Motion for Relief: a) is a "second motion for reconsideration"; b) is an attempt by Debtor to have a "second bite at the apple"; c) is an attempt by Debtor to undo his own "procedural failures"; and d) that service of the Motion to Dismiss was proper since "motions and orders processed through the CM/ECF are "presumed to be served on the same date of the electronic filing"." Nothing could be farther from the truth.

23. Contrary to Creditors assertions, the advent and implementation of the CM/ECF system does not abrogate the applicability of service of process rules over contested matters under Fed R. Bankr. P. 9014 and/or Fed R. Bankr. P. 7004.

24. In fact, a brief glance at several of the relevant Puerto Rico Local Bankruptcy Rules demonstrates the impropriety of Creditors argument on this important matter. For instance, P.R. LBF 9013-5(a), regarding "Responsibility for Proper Service", establishes that:

> **(a) Parties Entitled to Service**. It is the **responsibility of an attorney** or party that files a document to **determine every party with a cognizable interest in the document that should receive a copy and the *current address* of each**. A certificate of service signed by an attorney, by an attorney's authorized agent, or by a party constitutes a representation to the court that all parties entitled to service have been included and have been properly served. Violation of this paragraph shall be subject to appropriate sanctions. (Emphasis added)

25. More importantly, P.R. LBF 5005-4(h), regarding "Electronic Filing", establishes that:

> **(h) Service of Documents by Electronic Means.**
>
> **(1)** Each Electronic Filer of the CM/ECF system who electronically files a pleading or other document will automatically receive a Notice of Electronic Filing generated by the system and this Notice of Electronic Filing will automatically be transmitted by the system **to all parties who are registered users of the system for that case**. Electronic transmission by the court of the Notice of Electronic Filing generated by the CM/ECF system will constitute service or notice of the filed document. **Parties** having been excepted from the requirement to file and receive documents electronically or **not deemed to have consent to electronic notice or service are entitled to receive a paper copy of any electronically filed pleading or**

> **other document, and service or notice by the Electronic Filer must be made in accordance with the Federal Rules of Bankruptcy Procedure and these LBRs**.
>
> **(2)** A certificate of service is still required in all filings. The certificate of service must state the manner in which service or notice was accomplished on each party so entitled, and must be filed by the filing user within two (2) days following their receipt of the Notice of Electronic Filing provided by CM/ECF.
>
> **(3) Nothing contained herein shall be construed to eliminate the necessity of service of the summons and complaint in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure**. The return of the service on the summons must be filed electronically. (Emphasis added)

26. In the instant case it cannot be responsibly argued that Debtor is an actual registered "user" of the CM/ECF system that consented to electronic notice through said system. Therefore, pursuant to P.R. LBF 5005-4(h)(1), Debtor was "entitled to receive a paper copy of any electronically filed pleading or other document", particularly of a motion to dismiss (contested matter with significant impact over Debtor's substantive rights), since irrespective of the filing of the motion through the CM/ECF system the "**service** or notice **by the Electronic Filer must be made in accordance with the Federal Rules of Bankruptcy Procedure** and these LBRs." P.R. LBF 5005-4(h)(1) (Emphasis added).

27. Based on the aforementioned, it is clear that the electronic filing of the Motion to Dismiss on the part of Creditors cannot in any way be considered proper service of the contested matter upon Debtor, pursuant to Fed R. Bankr. P. 7004(b)(9). Consequently, relief of the Order Dismissing Case and the Order Denying Reconsideration is mandatory, since the court lacked personal jurisdiction over Debtor on the basis of improper service of process. This is the case since constitutionally defective notice renders the underlying judgment void. Kessler, 221 F.3d at 1342; In re Hairopoulos, 118 F.3d 1240, 1246 (8th Cir.1997). Moreover, insufficient proof of service of

motion to dismiss voids dismissal of a Chapter 13 case. Baldwin v. Credit Based Asset Servicing and Securitization, 516 F.3d 734, Bankr. L. Rep. (CCH) P 81214 (8th Cir. 2008).

28. On the other hand, contrary to Creditors assertions, Debtor's Motion for Relief is far from an attempt to undo Debtor's own "procedural failures" or have a "second bite at the apple". The fact is that the only "procedural failure" that is subject to Debtor's Motion for Relief is Creditors lack of compliance with proper service of process, which as stated earlier in this motion, is hallmark of due process. Without proper service, the court's authority to act is impaired and any order entered without jurisdiction is clearly null and void.

29. Additionally, Debtor's Motion for Relief cannot be considered as an attempt to "rehash" prior arguments, since this is the very first time that Debtor has filed a motion vacate under Fed. R. Civ. P 60(b). The fact that the lack of proper service was previously raised by Debtor as part of his arguments as to why his Motion for Reconsideration met the "necessary to prevent manifest injustice" prong of Fed. R. Civ. P 59(e) does not preclude Debtor from raising the issue as part of a motion to vacate pursuant to Fed. R. Civ. P 60(b). As previously stated, these two rules are not only distinct, but serve different purposes and produce different consequences. In re Pabon Rodriguez, supra.

30. Moreover, while Creditors clearly attempt to distort Debtor's stated grounds for the Motion for Relief, the fact is that at no moment has Debtor asked the Court to apply Fed. R. Civ. P 60(b)(1) to excuse his own alleged "mistake" of not filing a timely response to the Motion to Dismiss. What Debtor respectfully avers in his Motion for Relief is the need for the Court to correct its own mistakes of fact and/or law, mistakes that served as the basis for the granting of Creditors Motion to Dismiss and the Denial of Debtors Motion for Reconsideration. In particular, in the Motion for Relief Debtor brought to the Courts attention that the Order Dismissing Case incorrectly concludes that Creditors Motion to Dismiss was "**duly notified to all parties in interest**". This

incorrect determination of fact led to the Court conclude that since Debtor never filed a timely objection to the Motion to Dismiss, the same was to be granted for the reasons stated therein.

31. Also, in the Motion for Relief Debtor brought to the Courts attention that inasmuch as the Order Dismissing Case, reaffirmed through the Order Denying Reconsideration, implicitly conclude that the mere allegation of an alleged concealment of assets on the part of Debtor together with several uncertified documents, *without more*, is sufficient for the finding of cause for dismissal with a 1 year bar to refile, all while not affording prior notice to Debtor and opportunity to show that he had acted in good faith, is clearly mistaken and/or a violation of Debtor's due process rights.

32. Case law is clear in that dismissal of bankruptcy case is ordinarily *without* prejudice to debtor's ability to file another bankruptcy petition to discharge any existing debts, unless the court, for cause, orders otherwise. In re Stockwell, 579 B.R. 367 (Bankr. E.D. N.C. 2017). Restrictions on future bankruptcy filings imposed by the bankruptcy court must always *be reasonable* in scope and duration. 11 U.S.C.A. § 349(a); In re H & S Truck Stop Travel Plaza LLC, 610 B.R. 431 (Bankr. W.D. N.Y. 2019).

33. "The determination of whether the movant has established prima facie that there is a lack of good faith (or bad faith) in the filing of a bankruptcy petition is a fact intensive inquiry in which the court analyzes the totality of the circumstances." In re Costa Bonita Beach Resort Inc., 479 B.R. 14, 40 (Bankr. D.P.R. 2012). No one factor is controlling in assessing whether Chapter 13 case is subject to being dismissed as "bad faith" filing, since courts must look at the totality of the circumstances when making such a determination. In re Scotto-DiClemente, 459 B.R. 558 (Bankr. D. N.J. 2011), adhered to on denial of reconsideration, 463 B.R. 308 (Bankr. D. N.J. 2012), order aff'd, 2012 WL 3314840 (D.N.J. 2012) and order aff'd, 2012 WL 3314840 (D.N.J. 2012); In re Goddard, 212 B.R. 233, 238 (D.N.J.1997).

34. As a result, Debtor's respectful position, as articulated in the Motion for Relief, is that failure on the part of the Court to satisfy the previously cited "totality of the circumstances" test was a substantive mistake that justifies that the Court grant relief of the Order Dismissing Case and the Order Denying Reconsideration, pursuant to Fed. R. Civ. P 60(b)(1).

35. Finally, having Creditors conceded in their Opposition that they never served the Motion to Dismiss on Debtor as required by required under Fed R. Bankr. P. 9014 and/or Fed R. Bankr. P. 7004(b)(9), this Court has no other choice than order the relief of the Order Dismissing Case and the Order Denying Reconsideration, as they are both null and void since the Court lacked personal jurisdiction over Debtor on the basis of improper service. This is the case since "relief from a void judgment pursuant to Rule 60(b)(4) is not discretionary." Hunter v. Underwood, supra.

36. In addition, Debtor's Motion for Relief clearly established; a) the existence of several meritorious defenses (¶26,); b) that the requested relief does not impose undue hardship on Creditors (¶39); and c) that the adverse consequences of the violation of Debtor's due process rights were significant and in no way could be considered a harmless error.

37. Based on the aforementioned, it is an indubitable fact that Debtor's Motion for Relief clearly demonstrates the existence of extraordinary circumstances that justify extraordinary relief under Fed. R. Civ. P. 60(b). Considering that the function of this rule is to strike the proper balance between competing principles of finality and justice, the Court would be remiss in doing justice if it allowed the Order Dismissing Case and the Order Denying Reconsideration to stand.

WHEREFORE, for the reasons stated above, it is respectfully requested that this Honorable Court deny Creditors Opposition (Doc. No. 113), and proceed to grant the remedies that were requested by Debtor in his Motion for Relief (Doc. No. 108).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF System which will send a notification, upon information

and belief, of such filing to the following: The Chapter 13 Trustee, The United States Trustee and to all the CM/ECF participants of this case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this November 3rd, 2022.

                                        IGNACIO GARCIA FRANCO
                                        USDC No. 231410
Attorney for Debtor
P.O. Box 361844
San Juan, PR 00936
Tel (787) 478-3379
Fax 1-888-860-9135

/s/ Ignacio García Franco, Esq
Ignacio García Franco, Esq.
E-mail: ignaciolaw@gmail.com