IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>ELVIN J. OTERO MARTINEZ<br><br>Debtor | CASE NO. 18-04264 (ESL)<br><br>CHAPTER 13 |

**OPPOSITION TO DEBTOR'S REQUEST TO VACATE AND SET ASIDE ORDER DISMISSING CASE**

Comes now, Franklin Credit Management Corporation as servicing agent of Deutsche Bank National Trust Company as Certificate Trustee on behalf of Bosco Credit II Trust Series 2017-1 (hereinafter "Franklin" or the "Bank") as servicing agent for Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2017-1 ("Bosco"), represented by the undersigned attorney, who states and prays as follows:

**The Facts**

1. That on August 15, 2022, the Court acting on an unopposed motion to dismiss filed Eliut Ortiz Maldonado and Catalina Suárez (docket # 84) entered an order dismissing the above captioned case with one-year bar to refile. See docket # 85.

2. That on August 16, 2022, debtor filed a motion requesting reconsideration of the order dismissing case and requesting an extension of time of 30 days to oppose the motion to dismiss (docket # 86).

3. On August 20, 2022, Eliut Ortiz Maldonado and Catalina Suárez filed an opposition to the motion requesting reconsideration of the order dismissing case (docket # 90).

4. After several procedural incidents on October 11, 2022, Debtor filed a response to the opposition to motion for reconsideration (docket #102).

5. On October 12, 2022, the Court entered an order denying the reconsideration of the dismissal (docket # 103). In sum, the Court found that neither the motion for reconsideration nor Debtor's response to the creditors' opposition to the reconsideration of the dismissal contest the facts alleged in the motion to dismiss as constituting cause for the dismissal of the case, to wit, the concealment of assets.

6. Not happy with the results and after having more than *"two bites at the apple"*, Debtor filed on October 25, 2022, a motion to vacate and set aside the order dismissing the case (docket # 108).

7. That Franklin opposes the motion to vacate and set aside the order dismissing case based on the facts and applicable law discussed hereinafter.

**The Code, the Rules and the Jurisprudence**

<u>The Validity of Franklin's Secured Claim</u>

8. That on August 8, 2018, Franklin filed claim number 1 in the aggregate amount of $138,039.00, including the amount of $58,380.99 accrued in pre-petition mortgage installments (76 months) and other expenses in arrears.

9. Rule 3001 (f) of the Federal Rules of Bankruptcy Procedure. Rule 3001 (f) states as follows:

> "(f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

10. In other words, a claim filed in accordance with Rule 3001, supra, has a presumption of validity. A properly filed claim is prima facie evidence under Bankruptcy Rule 3001 of validity and amount of claim; presumption of validity remains until objector introduces evidence sufficient to rebut prima facie case. *In re Gracey*, 79 BR 597 (1987 BC ED Pa). Under

Bankruptcy Rule 3001(f), filing by creditor of proper claim constitutes prima facie evidence of validity and amount of claim. *In re Brickell Inv. Corp.*, 85 BR 164 (1988, BC SD Fla).

<u>The Material Default of the Plan</u>

11. On February 12, 2021, the Court entered an order (docket # 74) approving Debtor's motion for post-confirmation modified plan dated November 19, 2020 (the "Plan") [docket # 56].

12. Part 3.1 provided for direct post-petition mortgage payments to Franklin and also provided for the payment to the Bank the sum of $58,380.99 23 to cure the pre-petition arrears. See docket # 56.

13. As of this date Debtor has accrued the sum of $23,519.65 in post-petition arrears. See **Exhibit A**.

14. Debtor's failure to make the direct post-petition mortgage payments in arrears constitutes a material default with Part 3.1 of the confirmed Plan.

15. A material default with the terms of a confirmed Chapter 13 plan constitutes sufficient grounds for the dismissal of a Chapter 13 case pursuant to 11 U.S.C. § 1307 (c)(6) " material default by the debtor with respect to a term of a confirmed plan".

16. Rules 59 and 60 of the Federal Rules of Civil Procedure are incorporated with certain limitations into bankruptcy practice by Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively.

17. One of the limitations imposed by Federal Bankruptcy Rule 9023 is that the 28-day time frame ordinarily applied for filing Rule 59 motions is limited to 14 days in bankruptcy practice.

18. In bankruptcy practice, because the time limit imposed for filing a Rule 59(e) motion is 14 days, any reconsideration motion filed after that 14-day limit, is treated as a Rule 60(b) motion. As such, the Court should analyze the motion of reconsideration under Rule 60(b).

In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in the *Marie* case also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law. 402 F.3d at 7 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).

19. In sum, Debtor has failed to allege in his motion of reconsideration sufficient facts upon which a remedy could be granted.

*Motion for Reconsideration Standards*

20. It is well settled judicial principle that a motion to reconsider is not among the motions recognized by the Federal Rules of Civil Procedure. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). See also *Santiago Vázquez v. BBVA*, 2011 WL 5357710.

21. The Courts have consistently stated that a motion which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under Rule 59 of the Federal Rules of Civil Procedure or a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. *Equity Security Holders' Committee v. Wedgestone Financial*, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). See also *Santiago Vázquez v. BBVA, supra*.

22. Rules 59 and 60, supra, serve different purposes and produce different consequences. The controlling factor is the time when the motion is filed. If the motion is served within fourteen days of the date of the entry of judgment, the motion ordinarily will fall under Rule 59(e), supra. If the motion is served after that time it falls under Rule 60 (b), supra. See *Van Skiver*, 952 F.2d at 1243 (10th Cir.1991); In re Rodriguez, 233 B.R. 212, 218–19 (Bankr.D.P.R.1999). See also *Santiago Vázquez v. BBVA*, supra.

23. In general, under Rule 59, *supra*, the reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The underlying policy of reconsideration is to provide a court with a means to correct its own errors. See 11 C. *Wright et al., Federal Practice & Procedure* § 2810.1 (2d ed.1995) and White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982). See also *Santiago Vázquez v. BBVA*, *supra*.

24. In other words, Rule 59 (e), *supra*, does not allow parties a second chance to prevail on the merits. See *Harley–Davidson Motor Co. v. Bank of New England–Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir.1990). Rule 59(e), *supra*, is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court. See *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986). See also *Santiago Vázquez v. BBVA, supra*.

25. A motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. *Standard Química de Venezuela v. Central Hispano Int'l, Inc.*, 989 F. Supp. 74 (D.P.R. 1997).

26. Rule 59(e) Fed. R. of Civ. P. is not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va. 1977), specially, if the Court takes into consideration that this is Debtor's second bankruptcy petition and Debtor has been given the opportunity to present before the Court at least in two almost consecutive occasions a viable bankruptcy petition.

27. The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. *Aybar, et al. v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997). As the First Circuit noted in *Harley–Davidson Motor*, the rule is "aimed at reconsideration, not initial consideration." Id. at 616. (citing *New Hampshire Dept. of Employment Sec.*, 455 U.S. at 450). See also, *Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123

(1st Cir.1999) (Rule 59(e) does not allow losing party to rehash old arguments, previously considered and rejected).

WHEREFORE, the appearing party respectfully prays Order denying the Debtor's motion to vacate and set aside the order dismissing the case.

## NOTICE OF RESPONSE TIME

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will sent notification of such filing to debtor's attorney and to **Ignacio Garcia Franco, Esq.**, and to **José R. Carrión Morales, Esq.** US Chapter 13 Trustee, and also certify that I have mailed by United State Postal Service copy of this motion to the following non CM/ECF participant debtor, to their address of record in this case.

In San Juan, Puerto Rico, on the 8th day of November 2022.

CARDONA JIMENEZ LAW OFFICES, PSC
Attorney for Franklin
PO Box 9023593
San Juan, PR 00902-3593
Tels: (787) 724-1303, Fax No. (787) 724-1369
E-mail: jf@cardonalaw.com

*/s/José F. Cardona Jiménez*
USCD PR 124504