**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>ELVIN J. OTERO MARTINEZ<br><br>  Debtor | CASE NO.: 18-04264 (ESL)<br><br>CHAPTER 13 |

### **MOTION TO DISMISS WITH A 1-YEAR BAR TO REFILE**

TO THE HONORABLE COURT:

COME NOW, creditors Eliut Ortiz Maldonado and Catalina Rosario Suárez ("Creditors") through the undersigned counsel, and respectfully state and pray as follows:

Factual and Procedural Background

1. On April 17, 2013, the Debtor, filed a Chapter 13 bankruptcy petition (Case No. 13-02967, ECF No. 1), which was subsequently dismissed for failure to make payments on November 13, 2014 (Case No. 13-02967, ECF No. 44).

2. On August 20, 2015, the Debtor filed a second Chapter 13 bankruptcy petition (Case No. 15-06376, ECF No. 1), which was also dismissed for failure to make payments on December 20, 2016 (Case No. 15-06376, ECF No. 56).

3. On July 27, 2018, the Debtor filed the instant third Chapter 13 bankruptcy petition, along with his *Schedules* and *Statement of Financial Affairs*. See ECF No. 1.

4. In *Schedule A/B*, the Debtor disclosed that he does *not* have any legal or equitable interest in any non-publicly traded stock and interests in incorporated or unincorporated businesses, including an interest in an LLC, partnership, and joint venture. See *Schedule A/B*, ECF No. 1, p. 13, Part 4, ¶ 19.

5. In the *Statement of Financial Affairs*, the Debtor originally disclosed that he did *not* own a business or have any connections to any business within four (4) years prior to filing the instant case. See *Statement of Financial Affairs*, ECF. No. 1, pp. 38-39, Part 11, ¶ 27.

6. On March 12, 2019, the Debtor amended *Schedule A/B* and the *Statement of*

*Financial Affairs*. See ECF Nos. 15 and 17, respectively.

7. In *Amended Schedule A/B*, the Debtor maintained that he does *not* have any legal or equitable interest in any non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture. See *Schedule A/B*, ECF No. 15, p. 5, Part 4, ¶ 19.

8. In the *Amended Statement of Financial Affairs*, Debtor disclosed that he owned a business or had connections to a business called "La Cabana from 2014 to February 2016". See *Amended Statement of Financial Affairs*, ECF. No. 17, pp. 7-8, Part 11, ¶ 27.

9. Notwithstanding, Creditors have become aware of the Debtor's legal and/or equitable interests in and/or connection to at least two (2) existing corporations:

   i. "Cooperativa de Trabajo Asociado de Comunicaciones de Puerto Rico Comuni Coop.", where the Debtor is listed as an incorporator of the corporation and as the corporation's Treasurer. See *Certificate of Incorporation* and *Articles of Incorporation*, attached hereto as **Exhibit I**; and

   ii. "ElvinElectric, Inc.", where the Debtor is listed as the sole incorporator of the corporation and as the corporation's President. See *Certificate of Incorporation of a Stock Corporation*, attached hereto as **Exhibit II**.

10. In the *Certificate of Incorporation* and *Articles of Incorporation* of "Cooperativa de Trabajo Asociado de Comunicaciones de Puerto Rico Comuni Coop.", the Debtor appears as its incorporator (*Certificate of Incorporation*, **Exhibit I**, p. 2, Article VI and *Articles of Incorporation*, **Exhibit I**, p. 7, Article X), Treasurer (*Certificate of Incorporation*, **Exhibit I**, pp. 2-3, Article VII and *Articles of Incorporation*, **Exhibit I**, p. 8, Article X) and owner of 20% of its shares (*Articles of Incorporation*, **Exhibit I**, p. 8, Article X).

11. In the *Certificate of Incorporation of a Stock Corporation* of "ElvinElectric, Inc.", the Debtor appears as its incorporator (*Certificate of Incorporation of a Stock Corporation*, **Exhibit II**, pp. 1-2, Article V) and its President (*Certificate of Incorporation of a Stock Corporation*, **Exhibit**

**II**, p. 2, Article VI).

12. In the totality of the circumstances, Creditors move for the dismissal of the instant case for cause with a 1-year bar to refile considering the Debtor's past filings and bad faith in the instant case.

Applicable Law and Discussion

*(A) Dismissal for Cause upon the Debtor's Failure to Comply with his Duty to Disclose.*

13. Section 1307(c) of the Bankruptcy Code provides for the dismissal of a case under Chapter 13 for cause. It "enumerates 11 non-exhaustive grounds for finding cause, including lack of good faith —or bad faith— for conversion or dismissal under § 1307(c)." In re Bouchard, 560 B.R. 385, 394 (Bankr. D.R.I. 2016).

14. "The list of grounds for dismissal or conversion found in § 1307 is not exhaustive; the court is not limited by the specific circumstances specifically mentioned there. Other factors warranting dismissal of a rubric of 'lack of good faith' often referred to as 'bad faith'". In re González Ruiz, 341 B.R. 371, 382 (B.A.P. 1st Cir. 2006).

15. The U.S. Bankruptcy Appellate Panel for our First Circuit has considered the following factors to determine whether a Chapter 13 petition has been filed in bad faith: (1) the debtor's accuracy in stating her debts and expenses; (2) the debtor's honesty in the bankruptcy process, including whether he or she has attempted to mislead the court and whether he or she has made any misrepresentations; (3) whether the Bankruptcy Code is being unfairly manipulated; (4) the type of debt sought to be discharged; (5) whether the debt would be dischargeable in a Chapter 7; (6) the debtor's motivation and sincerity in seeking Chapter 13 relief; (7) the debtor's history of filings and dismissals; and (8) whether egregious behavior is present. See In re Gonzalez-Ruiz, 341 B.R. at 383; In re Sullivan, 326 B.R. 204, 212 (B.A.P. 1st Cir. 2005); In re Cabral, 285 B.R. 563, 573 (B.A.P. 1st Cir. 2002).

16. We submit that the Debtor ---a repeat filer--- has been deceitful, dishonest, inaccurate in his reporting and disclosures, and thus manipulating the bankruptcy system by not

properly disclosing his interests in and connections to "Cooperativa de Trabajo Asociado de Comunicaciones de Puerto Rico Comuni Coop." and "ElvinElectric, Inc.". See **Exibits I** and **II**.

*(B)    Failure to Disclose Assets.*

17.    It is undisputed that the Debtor failed to disclose his legal and/or equitable interests in and/or connections to "Cooperativa de Trabajo Asociado de Comunicaciones de Puerto Rico Comuni Coop." or "ElvinElectric, Inc.", which had to be disclosed in *Schedule A/B* and *Statement of Financial Affairs*. Such failure to disclose (under oath) constitutes cause to dismiss the instant case.

18.    The Debtor is familiar with bankruptcy proceedings and the required disclosures because he has filed for bankruptcy *thrice*. See his previous bankruptcy Cases Nos. 13-02967 and 15-06376. Therefore, he cannot convincingly claim "bankruptcy ignorance". And regardless, "the failure of a debtor to comply with the requirements of the Bankruptcy Code due to ignorance of the requirements of the law, whether on the part of the debtor or [his] counsel, is not sufficient to excuse the failure to meet the requirements of the law." In re Grasso, 341 B.R. 821, 823 (Bankr. D.N.H. 2006).

19.    The Bankruptcy Code "limits the opportunity for a completely unencumbered new beginning to the 'honest but unfortunate debtor'". Grogan v. Garner, 498 U.S. 279, 286-287 (1991) (citations omitted).

20.    As stated by the U.S. Supreme Court, "there is no 'Oops' defense to the concealment of assets." Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 370 (2007) (underline added).

21.    "When a debtor files [his] Schedules, []he does so under the equivalent of an oath." In re Crawford, 841 F.3d 1, 7 (1st Cir. 2016).

22.    "Debtors have an absolute duty to report **whatever interests they hold in property, even if they believe their assets are worthless** or are unavailable to the bankruptcy estate." In re Wood, 291 B.R. 219, 226 (B.A.P. 1st Cir. 2003) (underline and boldface added). Also

see In re Roberts, 556 B.R. 266, 275 (Bankr. S.D. Miss. 2016) (a "[d]ebtor's duty to disclose is absolute").

23. This Court has adopted the posture that "[t]he duty of disclosure in a bankruptcy proceeding is a continuing one". In re Lopez Llanos, 578 B.R. 700, 708 (Bankr. D.P.R. 2017), quoting Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n, 932 F. Supp. 859, 867 (E.D. Tex. 1996). Also see In re Adams, 481 B.R. 854, 858 (Bankr. N.D. Miss. 2012) (same). "The duty to disclose is a continuing one that does not end once the forms are submitted ... [f]ull and honest disclosure in a bankruptcy case is 'crucial to the effective function of the federal bankruptcy system'". Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002). Also see In re Lopez Llanos, 578 B.R. at 708 (same).

24. In In re Bouchard, 560 B.R. 385 (Bankr. D.R.I. 2016), a case with similar facts to the instant case regarding the concealment of assets and crucial information, the Court analyzed as follows:

> In summary, [the Debtor] inaccurately disclosed his assets, income, debts, and expenses; he was untruthful during the plan confirmation process; and he either intentionally or recklessly misled the Court and the other parties through material omissions and misrepresentations of information… Mr. Bouchard's subsequent amendments and supplements to his schedules to include some of the omitted information after he was challenged by Ms. Rotella "cannot expunge the falsity" of his original oath, and the timing of his disclosures in response to questioning at the Creditors' Meeting and at the hearings show that, to put it bluntly, he disclosed material information only because "the cat was out of the bag."

In re Bouchard, 560 B.R. at 396 (Bankr. D.R.I. 2016).

25. There is no justifiable reason to deviate from the norm that failure to disclose assets in bankruptcy leads to dismissal.

26. Even if the Debtor believed those assets to be worthless, he *still* had an "absolute duty to report" them, In re Wood, 291 B.R. 219, 226 (B.A.P. 1st Cir. 2003), and he did not. See *Schedule A/B*, ECF No. 15, p. 5, Part 4, ¶ 19 (where the Debtor disclosed under oath that he did *not* have any legal or equitable interest in any non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and

joint venture).

27. The totality of the circumstances in the instant case warrants dismissal.

(C) *Bar to Refile.*

28. The Debtor has filed for bankruptcy twice before he filed the instant case. See Bankruptcy Cases Nos. 13-02967 and 15-06376.

29. This Court has authority to order a bar to refile to sanction serial or bad faith filers by barring future filings for reasons and longer periods of time other than those specified by § 109(g) from either § 105(a), § 349(a), or both. See In re Gonzalez-Ruiz, 341 B.R. 371, 385–86 (B.A.P. 1st Cir. 2006); In re Glenn, 288 B.R. 516, 520 (Bankr. E.D. Tenn. 2002).

30. "Cause" for dismissal under 11 U.S.C. § 349 has not been specifically defined by the Bankruptcy Code. See In re Leavitt, 171 F.3d 1219, 1223 (9th Cir. 1999). Notwithstanding, Courts in our First Circuit have found that a finding of bad faith based on egregious behavior under 11 U.S.C. § 1307(c) will satisfy "cause" under 11 U.S.C. § 349 that justifies the dismissal of ab bankruptcy case with prejudice. See In re Fleury, 294 B.R. 1, 9 (Bankr. D. Mass. 2003); In re Mangual, 2010 WL 5185392, at *2 (Bankr. D.P.R. 2010) ("the court may dismiss with prejudice to refiling to prevent a revolving door approach to bankruptcy"); In re Ferrell, 2016 WL 331140, at *3 (Bankr. D. Me. 2016) ("a finding of bad faith … may be considered in determining, under section 349, whether there is a cause for the imposition of a ban on filing subsequent cases for some period of time"); In re Tomlin, 105 F.3d 933, 937 (4th Cir. 1997); In re Huerta, 137 B.R. 356, 374 (Bankr. C.D. Cal. 1992). Dismissal with prejudice bars re-filing for a limited period of time as determined by the Court.

31. Creditors move the Court to dismiss the instant case with a bar to refile for one (1) year due to the Debtor's egregious concealment of assets and failure to comply with his absolute duty to report whatever interests he held in property in the totality of the circumstances described above.

<u>Prayer for Relief</u>

WHEREFORE, Creditors respectfully request from the Court to dismiss the instant bankruptcy case for cause under Section 1307(c) of the Bankruptcy Code with a bar to refile of one (1) year and grant any other relief that it deems just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 10th day of November 2022.

<u>Objection Notice - PR LBR 9013-1(c) and ECF No. 118</u>
Pursuant to the *Order* entered at ECF No. 118, within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

<u>Affidavit of Military Service</u>
Pursuant to PR LBR 9013-1(c)(3) regarding the Debtor's military status, Creditors attach hereto a copy of his Military Status Report obtained from the Department of Defense Manpower Data Center. <u>See</u> **Exhibit III**.

<u>Certificate of Service</u>
We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants in this case, including the Debtor's counsel and the U.S Trustee for Region 21. We also certify that a copy of this motion has been served via First Class Mail to Elvin J. Otero Martinez at RR 1 Buzon 10751, Orocovis, PR 00720 and at Apartado 257, Orocovis, PR 00720 and to his attorney of record at PO Box 361844, San Juan, PR 00936.

**Ferraiuoli** LLC

Attorneys for Creditors
PO Box 195168
San Juan, PR 00919-5168
Telephone: 787.766.7000
Facsimile: 787.766.7001

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Frances C. Brunet-Uriarte*
FRANCES C. BRUNET-URIARTE
USDC-PR No. 307006
fbrunet@ferraiuoli.com

*/s/ Tomás F. Blanco-Pérez*
TOMÁS F. BLANCO-PÉREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com