## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No.: **18-04264 ESL** |
| **ELVIN J. OTERO MARTINEZ** | |
| **(XXX-XX-4420)** | Chapter 13 |
| **Debtor(s)** | |

**MOTION TO STRIKE AND/OR DISMISS CREDITOR ELIUD ORTIZ AND
CATALINA ROSARIO'S MOTION TO DISMISS WITH A 1-YEAR BAR TO REFILE
(DOC. NO. 120)**

TO THE HONORABLE COURT:

COMES NOW, Debtor(s), represented by the undersigned counsel and respectfully

ALLEGES and PRAYS as follows:

1.      An order confirming a Chapter 13 plan is *res judicata* as to all issues decided or

which could have been decided at the hearing on confirmation. 11 U.S.C.A. § 1327(a); In re

Venanzio, 602 B.R. 921 (Bankr. W.D. Pa. 2019). As long as there is "adequate notice" to a

creditor of the bankruptcy case, the plan is binding on that creditor. In re Harvey, 213 F.3d 318,

321 (7th Cir. 2000).

2.      As such, Chapter 13 plan confirmation is a final order, with res judicata effect,

and is imbued with strong policy of favoring finality. Factors Funding Co. v. Fili (In re Fili), 257

B.R. 370, 373 (1st Cir. BAP 2001) (citations omitted); In re Galindez, 514 B.R. 79 (Bankr. D.

P.R. 2014). Consequently, absent timely appeal, confirmed Chapter 13 plan is res judicata and its

terms are not subject to collateral attack; indeed, res judicata effect of plan confirmation may be

eliminated only if confirmation is revoked or case is later dismissed or converted to another

chapter. *Id.*

3.      The purpose and effect of bankruptcy statute that deals with the binding effect of

a confirmed Chapter 13 plan is to avoid the fragmented litigation of claims and to reinforce the

Bankruptcy Code's strong policy of favoring the finality of plans of reorganization. 11 U.S.C.A. § 1327(a); In re Conrad, 604 B.R. 163 (Bankr. M.D. Pa. 2019). The binding effect of a confirmed Chapter 13 plan serves the same overarching purpose of the general doctrine of res judicata: there must be finality to confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of later change or revocation of order. In re Pardee, 218 B.R. 916 (B.A.P. 9th Cir. 1998), judgment aff'd, 193 F.3d 1083, Bankr. L. Rep. (CCH) P 78022 (9th Cir. 1999). This is the case since confirmation orders are at the heart of reorganization cases and the bankruptcy laws could not function if they could be upset in a later proceeding.

4.      The Supreme Court reinforced this principle in United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) and Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009). In both of these cases the highest court in the land declared that confirmation orders are truly final even where it is later determined that the relief granted exceeds the bankruptcy court's subject matter jurisdiction and/or does not comply with applicable law, and even where the notice does not comply with applicable notice provisions of the Bankruptcy Code or Rules. Through these cases the Supreme Court clearly established that confirmation orders in bankruptcy cases are supremely important, so important that the need to be able to rely on a confirmation order trumps the usual rules for reopening defective orders entered during the course of a bankruptcy case.

5.      On July 27th, 2018 Debtor filed the above captioned Chapter 13 bankruptcy case.

6.      Creditors Eliud Ortiz and Catalina Rosario (the "Creditors") were listed by Debtor as secured claim holders in Schedule D of the bankruptcy petition. Exhibit #1 (Schedule D; Doc. No. 1, page 19-20).

7.     Creditors lien was an involuntary judicial lien attached over Debtor's residential property, resulting from a 2009 civil judgment that was obtained by Creditors in a pre-petition money collection complaint, filed against Debtor back in 2007 (Civil Case # B4CI2007-00543; Puerto Rico First Instance Court, Orocovis Division).

8.     The bankruptcy petition was duly notified to Creditors by the Clerk of the Bankruptcy Court. Exhibit #2 (Doc. No. 7; Certificate of Service of Bankruptcy Filing). In the same, Creditors were not only informed of the bar date to file their proof of claim, in this case October 5th, 2018, but also of the deadline to file a complaint to challenge dischargeability, in this case October 29th, 2018.

9.     Creditors **never filed a proof of claim**. Therefore, Creditors do not share in the distribution of assets from the estate, as they elected not to be paid under the plan. 11 U.S.C. § 502(b)(9), In re Branch, 228 B.R. 831, 835 (Bankr.W.D.Virginia 1998), citing In re Macias, 195 B.R. 659, 662 (Bankr.W.D.Texas 1996). In addition, Creditors never filed a complaint to challenge dischargeability **nor objected to the confirmation** of Debtor's proposed Chapter 13 Plan.

10.     On June 27th, 2019 Debtor's proposed Chapter 13 Plan was confirmed. Doc. #39. The confirmed plan (Doc. #33) not only provided for a cramdown of Creditors secured claim, to the value of the collateral that secured the same (Debtor's residential property), in this case $0.00, but also established that non-priority unsecured claims would be paid **100%, plus 4.25 legal interest**. *See* Section 3.2 and 8.4 of the confirmed Chapter 13 Plan (Doc. #33).

11.     On November 23rd, 2020 Debtor filed a proposed Post-Confirmation Modification of Chapter 13 Plan (the "PCM", Doc. #56). Per the Certificate of Service included in the PCM, Creditors were duly served of the same. Also *see* Doc. #61 (Certificate of Service with copy of

certified mail certifications of both Creditors and the Conjugal Partnership composed by both of them, attached herein as Exhibit #3).

12.     Just as is in the original Chapter 13 Plan that was confirmed in the case, the PCM established that non-priority unsecured claims would be paid **100%, plus 4.25 legal interest**. *See* Section 8.11 of the PCM (Doc. #56).

13.     In addition, through Section 3.2 of the PCM, supplemented by Section 8.13 of the same, Debtor avoided Creditors pre-petition involuntary judicial lien. Section 8.13 of the PCM reads as follows:

> ### 8.13 This Section Supplements LBF G, Part 3, Section 3.2 (Regarding Lien Release Upon Discharge):
>
> The confirmed plan (Doc. #33) provided for a Cramdown of this creditors claim, to the value of the collateral that secured the same (Debtor's residential property), in this case $0.00. The instant PCM supplements the Cramdown by establishing that upon discharge, the lien in favor of Mr. Eliut Ortiz Maldonado, his wife Catalina Rosario Suárez García and the conjugal partnership composed by them (hereinafter "Creditor") will automatically terminate and be released by the Creditor. Upon discharge the Register of the Property Puerto Rico, Section of Barranquitas, is to execute the release of the lien in favor of Creditor, on request of the Creditor or on request of the above captioned Debtor, over lot #12,811, regarding Judgment in Civil Case (Case # ending 00543), annotated at page 141 of volume 233 (or any other section of the Register of the Property records).

14.     Creditors **never objected to the confirmation** of Debtor's proposed PCM.

15.     On February 12th, 2021 Debtor's proposed PCM was confirmed. Doc. #74.

16.     As of the confirmation of Debtor's PCM, Creditors are not only **non-claim holders** in the instant case, but creditors whose **pre-petition involuntary judicial lien was avoided** by this Honorable Court.

17.     On November 10, 2022, **twenty (20) months after the confirmation of Debtor's PCM**, Creditors filed a Motion to Dismiss with a 1-year bar to re-file a bankruptcy case,

pursuant to 11 U.S.C. §1307(c) (the "Motion to Dismiss", Doc. #120). Creditors Motion to Dismiss is premised on the alleged "bad faith" of Debtor due to a supposed concealment of two (2) assets from the bankruptcy schedules., namely, Debtor's alleged interest in two (2) corporations named "Cooperativa de Trabajo Asociado de Comunicaciones de Puerto Rico Comuni Coop." (Register No. 405295) and "ElvinElectric, Inc." (Register No. 401779). *See* Exhibit I and II, Motion to Dismiss. Per the documents that were attached to the Motion to Dismiss, "Cooperativa" is a nonprofit entity (which by law has no owners or shareholders), while "ElvinElectric" had a nominal value of $100.00. According to Creditors Motion to Dismiss, Debtor's supposed intentional concealment of these two (2) assets constituted cause to dismiss the instant bankruptcy case with a 1 year bar to re-file under §1307(c).

18.    Nonetheless, as previously stated, an order confirming a Chapter 13 plan is *res judicata* as to all justiciable issues that were or could have been raised at the confirmation hearing. In re Echevarria, 212 B.R. 185, 188 1st Cir. BAP 1997, aff'd. 141 F.3d 1149 1st Cir.1998. Likewise, the principle of *collateral estoppel* (or *issue preclusion*), bars relitigation of any factual or legal issue that was actually decided in previous litigation "between the parties, whether on the same or a different claim." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30-31 (1st Cir.1994). As we will explain, these judicial doctrines are determinative in the instant case.

19.    It is well known that for a chapter 13 plan to be confirmed, a debtor must satisfy the requirements of 11 U.S.C. §1325(a). Amongst the requirements found in Section 1325 the following are included: (1) "the plan has been proposed in good faith and not by any means forbidden by law;" and (2) "the action of the debtor in filing the petition was in good faith." 11 U.S.C. §1325(a)(3) and (7).

20.     Section 1325(a)(7) was enacted by the Bankruptcy Abuse Prevention and Consumer Act of 2005 (BAPCPA). Section 1325(a)(7) differs from Section 1325(a)(3) because the latter refers to filing a proposed plan in good faith, and the former refers to filing the bankruptcy petition in good faith.

21.     "Prior to the 2005 enactment of this provision, some courts found bad faith filing of the petition to be grounds for dismissal of the case. By providing a specific remedy in section 1325(a)(7) for bad faith filing of the petition, Congress has presumably indicated that denial of confirmation, rather than dismissal, is the appropriate way to prevent such conduct." Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1325.08 (16th ed. 2011); *See* also; In re Hieter, 414 B.R. 665, 670 (Bankr. D. Idaho 2009) ("Because BAPCPA effectively codified the good faith filing requirement previously employed in the case law, that case law is applicable to any analysis of §1325(a)(7)"); In re Manno, 2009 Bankr. Lexis 142, fn. 9 (Bankr. Page 16 E.D. Pa. 2009). In In re Torres Martinez, 397 B.R. 158, 1651 (B.A.P. 1st Cir. 2008), the court implied (in dicta) that subsequent to BAPCPA the requirement that the debtor must file the bankruptcy petition in good faith resides in 11 U.S.C. §1325(a)(7) rather than in 11 U.S.C. §1307(c).

22.     Section 1327 provides that, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. §1327(a). "Section 1327 is a strong statement: The terms of a confirmed plan are legal obligations of the debtor and all creditors without regard to whether the plan provides for the creditor's claim and without regard to whether the creditor participated in the confirmation process." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §229.1, at ¶ [1], Sec. Rev. Oct. 8, 2010, www.Ch13online.com.

23.     The purpose of Section 1327(a) is to give **finality** to a confirmation order so that all the parties may rely on the same. *See* Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1327.02[1] (16th ed. 2011). However, the *res judicata* effect of 11 U.S.C. §1327 may be revoked or eliminated pursuant to 11 U.S.C. §1330, which requires that a petition to that effect be filed within 180 days after the date of the entry of an order of confirmation pursuant to Section 1325. The binding effect of confirmation as *res judicata* encompasses all the issues that were or could have been litigated by the parties at or before the confirmation hearing. *See* Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §229.1, at ¶ [4], Sec. Rev. Oct. 8, 2010, www.Ch13online.com; In re Curtis, 2010 Bankr. Lexis 1252 (Bankr. S. D. Ill. 2010).

24.     The essential elements of *res judicata* (or claim preclusion) are: (1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both suits. Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30-31 (1st Cir.1994) (citations omitted). Once these elements are established, claim preclusion bars the relitigation of any issue that was, or might have been, raised in respect to the subject matter of the prior litigation. *Id*. Likewise, the principle of *collateral estoppel* (or *issue preclusion*), bars relitigation of any factual or legal issue that was actually decided in previous litigation "between the parties, whether on the same or a different claim." *Id*. (citations omitted).

25.     In In re Marquez, Case No. 10-03882 (Bankr. P.R. 2011) **this very same court** agreed with the case of In re Curtis, supra, which held that filing the petition in good faith is one of the requirements to confirm a plan under 11 U.S.C. §1325(a)(7), thus **confirmation of the plan bars litigation or relitigation of the debtor's good faith on a motion to dismiss**. (Emphasis added) *Id*., quoting In re Curtis, 2010 Bankr. Lexis 1252; Alan N. Resnick & Henry J.

Sommer, 8 Collier on Bankruptcy ¶1325.08 (16th ed. 2011) ("Moreover, once a plan is confirmed, the confirmation order should constitute a binding determination that the petition was filed in good faith that **precludes granting dismissal on the grounds that the petition was not filed in good faith**"). (Emphasis added)

26.     It is important to mention that in <u>In re Marquez</u>, supra, the allegations of fraud and/or wrongdoing on the part of Debtor that were raised by the creditor that was seeking dismissal of the Chapter 13 case after confirmation (alleged pre-petition misrepresentations to creditor in order to obtain credit with the express intent to later file for bankruptcy) were not only of much greater severity than those alleged by Creditors in the instant case, but were filed inside the 180 day period for parties in interest to request revocation of the confirmation order pursuant to 11 U.S.C. §1144. However, even under much more severe allegations of wrongdoing and/or fraud on the part of Debtor, this very same court followed precedent and determined that confirmation of the plan bared litigation or relitigation of the Debtor's good faith on a motion to dismiss.

27.     In the instant case Creditors had adequate notice of Debtor's bankruptcy petition as well as the confirmed Chapter 13 Plan and later PCM. Therefore, based on the forgoing, Creditors are now barred from filing a Motion to Dismiss under 11 U.S.C. §1307(c) for alleged "bad faith" on the part of Debtor. Moreover, Creditors have not even come close to making a showing of the existence extraordinary circumstances that outweigh the interest of finality, particularly since in the instant case the alleged omission of assets of no value or of nominal value from the bankruptcy petition was absolutely harmless since Debtor's confirmed Chapter 13 Plan pays 100% of allowed claims.

28.     On the other hand, it should be brought to the Court's attention that the only reason why Creditors are raising Debtor's alleged "bad faith" at this juncture of the case, after never having filed a proof of claim and not having objected to the confirmation of the Chapter 13 Plan that avoided their involuntary judicial lien, is because Debtor's pending construction defects and torts claim against them before the Department of Consumer Affairs ("DACO", for its acronym in Spanish), case no. BA0010596, is currently in the process of being scheduled for final administrative hearing. In fact, on December 8th, 2022 Debtor's DACO case is scheduled for a Pre-Trial Conference before said agency Exhibit #4.

29.     On at least two (2) occasions Creditors have attempted to have Debtor's torts claim dismissed by DACO, yet said requests have been denied by the administrative agency with primary jurisdiction over these types of consumer claims. Exhibit #5. Now all that is left is the final administrative hearing, through which Debtor is requesting to be compensated at least $100,000.00 by Creditors. Exhibit #6. The proceeds of said litigation help fund Debtor's confirmed Chapter 13 Plan (*see* Section 2.4 of PR Local Form G, Doc. #56).

30.     As we can see, Creditors Motion to Dismiss is nothing more than a blatant attempt to derail Debtor's pending civil lawsuit against them, since if Debtor's bankruptcy case is dismissed with a 1-year bar to refile he will lose his property to foreclosure, resulting in a dismissal of his torts claim for lack of standing. This is not only a clear abuse of process, but is in direct contravention of the binding effect of the confirmed Chapter 13 Plan. Moreover, these sort of collateral attacks on the confirmed Chapter 13 Plan are temerarious in nature and are a clear example of vexatious litigation.

31.     In sum, in addition to In re Marquez, supra, and the cases cited therein, the cases of *Travelers* and *Espinosa* provide black letter law that the time to object to any deficiencies in

Debtor's proposed Chapter 13 Plan (whether procedural or substantive) is before the order confirming the plan becomes final. This is the case since a confirmed consensual plan reflects the culmination of tremendous consideration and compromise by the debtor, creditors, investors, and other parties-in-interest who then need to be able to rely on the finality of the confirmation order.

32.     As a result, the old adage of "better late than never" cannot be invoked after plan confirmation by a party looking to raise issues that were decided at confirmation, since once confirmation occurs all is left is "never".

33.     The instant motion to strike and/or dismiss contains the primary points and authorities in support of the Debtor's position. Nonetheless, Debtor reserves the right to file a Supplemental Memorandum of Law in Support of this motion. Moreover, Debtor reserves the right to file a separate opposition to the substantive merits of Creditors Motion to Dismiss *vis a vis* the totality of the circumstances standard that is applicable to the same. In re Costa Bonita Beach Resort Inc., 479 B.R. 14, 40 (Bankr. D.P.R. 2012); In re Cabral, 285 B.R. 563 (B.A.P. 1st Cir. 2002).

WHEREFORE, for the reasons stated above, it is respectfully requested that this Honorable Court strike and/or dismiss Creditors to Motion to Dismiss (Doc. No. 120).

<u>NOTICE</u>

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, must serve and file an objection or other appropriate response to this paper with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice otherwise requires.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF System which will send a notification, upon information and belief, of such filing to the following: The Chapter 13 Trustee, The United States Trustee and to all the CM/ECF participants of this case. Additionally, the instant has been notified to all parties mentioned in the attached Mailer Matrix (Exhibit #7) at the addresses therein, through first class mail  and has also been served on the following:

| | | |
|---|---|---|
| Eliut Ortiz Maldonado<br>PO Box 1588<br>Orocovis, PR 00720 | Catalina R. Suárez García<br>PO Box 1588<br>Orocovis, PR 00720 | Ferraiuoli LLC<br>Attorneys for Creditors<br>PO Box 195168<br>San Juan, PR 00919-5168 |
| By first class mail with the use of Certificate of Mailing; USPS PS Form 3817. | By first class mail with the use of Certificate of Mailing; USPS PS Form 3817. | By first class mail with the use of Certificate of Mailing; USPS PS Form 3817. |

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this November 14th, 2022.

IGNACIO GARCIA FRANCO
USDC No. 231410
Attorney for Debtor
P.O. Box 361844
San Juan, PR  00936
Tel (787) 478-3379
Fax 1-888-860-9135

/s/ Ignacio García Franco, Esq
Ignacio García Franco, Esq.
E-mail: ignaciolaw@gmail.com

<u>Exhibit #1</u>

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **ELVIN J OTERO MARTINEZ** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF PUERTO RICO |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:**   List All Secured Claims

| 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | **Column A**<br>Amount of claim<br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim | **Column C**<br>Unsecured portion<br>If any |
|---|---|---|---|

**2.1**   **ELIUT ORTIZ MALDONADO**

Creditor's Name

Describe the property that secures the claim:    **$16,048.08**    **$80,000.00**    **$0.00**

BO GATO CARR 155 KM 30.0 URB COLINAS 1 Orocovis, PR 00720 Orocovis County

BO GATO CARR 155 KM 30.0 #2G

STRUCTURE IS CONCRET 3 BEDROOMS 2 BATHROOMS

**PO BOX 1588 OROCOVIS, PR 00720**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset) _____

**DEBT SECURRED WITH DEBTOR'S RESIDENCE LOCATED IN BO GATO OROCOVIS PR**

Date debt was incurred      Last 4 digits of account number    **0543**

**2.2**   **FRANKLYN CREDIT MANAGEMENT**    Describe the property that secures the claim:    **$132,062.00**    **$80,000.00**    **$0.00**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1 **ELVIN J OTERO MARTINEZ**
    First Name    Middle Name    Last Name

Case number (if know) _____

---

Creditor's Name

| |
|---|
| **BO GATO CARR 155 KM 30.0 URB COLINAS 1 Orocovis, PR 00720 Orocovis County** |
| **BO GATO CARR 155 KM 30.0  #2G** |
| **STRUCTURE IS CONCRET 3 BEDROOMS 2 BATHROOMS** |

**PO BOX 362394
SAN JUAN, PR
00936-2394**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**As of the date you file, the claim is:** Check all that apply.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.

- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset)    **RESIDENCE LOCATED AT: BO GATO CARR 155 KM 30.0 #2G OROCOVIS, PR 00720**

**Date debt was incurred 10/06** | **Mortgage account opened** | **Last 4 digits of account number 5433**

---

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | $148,110.08 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $148,110.08 |

---

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐ Name, Number, Street, City, State & Zip Code
**BUFETE VAZQUEZ & VIZCARRONDO LLP
LCDA. DIOMARIE LABOY RIVERA
PO BOX 195389
SAN JUAN, PR 00919-5389**

On which line in Part 1 did you enter the creditor?  **2.2**

Last 4 digits of account number ___

---

☐ Name, Number, Street, City, State & Zip Code
**CATALINA ROSARIO SUAREZ
PO BOX 1588
OROCOVIS, PR 00720**

On which line in Part 1 did you enter the creditor?  **2.1**

Last 4 digits of account number ___

---

☐ Name, Number, Street, City, State & Zip Code
**LCDO. EFRAIN HERNANDEZ ALICEA
PO BOX 1193
COROZAL, PR 00783**

On which line in Part 1 did you enter the creditor?  **2.1**

Last 4 digits of account number ___

---

☐ Name, Number, Street, City, State & Zip Code
**LCDO. IVAN L MONTALVO BURGOS
108 SUR CALLE LUIS MUNIZ RIVERA
CAYEY, PR 00736**

On which line in Part 1 did you enter the creditor?  **2.1**

Last 4 digits of account number ___

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Exhibit #2

United States Bankruptcy Court
District of Puerto Rico

In re:                                                    Case No. 18-04264-ESL
ELVIN J OTERO MARTINEZ                                     Chapter 13
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0104-3        User: admin          Page 1 of 1         Date Rcvd: Jul 30, 2018
                           Form ID: 309I         Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 01, 2018.
db        +ELVIN J OTERO MARTINEZ,    APARTADO 257,    OROCOVIS, PR 00720-0257
smg        FEDERAL LITIGATION DEPT. OF JUSTICE,    PO BOX 9020192,    SAN JUAN, PR 00902-0192
smg       +PR DEPARTMENT OF LABOR,    PO BOX 195540,    HATO REY, PR 00919-5540
4612990   +Att Services,    Po Box 192830,    San Juan, PR 00919-2830
4612992    BUFETE VAZQUEZ & VIZCARRONDO LLP,    LCDA. DIOMARIE LABOY RIVERA,    PO BOX 195389,
            SAN JUAN, PR 00919-5389
4612993   +CATALINA ROSARIO SUAREZ,    PO BOX 1588,    OROCOVIS, PR 00720-1588
4612996   +Citibank South Dakota   N.a.,    PO Box 740281,    HOUSTON, TX 77274-0281
4612997   +DEPARTAMENTO DE HACIENDA DE PR,    PO BOX 9020192,    SAN JUAN, PR 00902-0192
4612999   +ELIUT ORTIZ MALDONADO,    PO BOX 1588,    OROCOVIS, PR 00720-1588
4613000    FRANKLYN CREDIT MANAGEMENT,    PO BOX 362394,    SAN JUAN, PR 00936-2394
4613003   +LCDO. EFRAIN HERNANDEZ ALICEA,    PO BOX 1193,    COROZAL, PR 00783-1193
4613004   +LCDO. IVAN L MONTALVO BURGOS,    108 SUR CALLE LUIS MUNIZ RIVERA,    CAYEY, PR 00736-4703

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty        E-mail/Text: vthomas@thomasmag.com Jul 30 2018 19:19:46      VICTOR THOMAS SANTIAGO,
            127 DE DIEGO AVE APT 1-A,    SAN JUAN, PR  00911
tr         E-mail/Text: ebnmail@ch13-pr.com Jul 30 2018 19:19:58      JOSE RAMON CARRION MORALES,
            PO BOX 9023884,    SAN JUAN, PR  00902-3884
smg        EDI: PRTREAS Jul 30 2018 23:08:00      DEPARTAMENTO DE HACIENDA,    PO BOX 9024140,
            OFICINA 424-B,    SAN JUAN, PR  00902-4140
smg        E-mail/Text: ustpregion21.hr.ecf@usdoj.gov Jul 30 2018 19:20:34      US TRUSTEE,
            EDIFICIO OCHOA,    500 TANCA STREET SUITE 301,    SAN JUAN, PR  00901-1922
ust        E-mail/Text: ustpregion21.hr.ecf@usdoj.gov Jul 30 2018 19:20:34      MONSITA LECAROZ ARRIBAS,
            OFFICE OF THE US TRUSTEE (UST),    OCHOA BUILDING,    500 TANCA STREET  SUITE 301,
            SAN JUAN, PR  00901
4612994   +EDI: CINGMIDLAND.COM Jul 30 2018 23:08:00      CINGULAR,    5407 ANDREWS HIGHWAY,
            MIDLAND, TX 79706-2851
4612998   +EDI: PRTREAS Jul 30 2018 23:08:00      DEPARTAMENTO DE HACIENDA DE PR,
            CAPITAL CENTER-TORRE NORTE SUITE 1504,    235 AVE ARTERIAL HOSTOS,    SAN JUAN, PR 00918-1451
4613001    EDI: IRS.COM Jul 30 2018 23:08:00      INTERNAL REVENUE SERVICES,    BANKRUPTCY SECTION,
            BOX 7346,    PHILADELPHIA, PA 19101-7346
4613005   +EDI: RESURGENT.COM Jul 30 2018 23:08:00      Lvnv Funding Llc,    Po Box 740281,
            Houston, TX 77274-0281
                                                                                  TOTAL: 9

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4612991*  +Att Services,    Po Box 192830,    San Juan, PR 00919-2830
4612995*  +CINGULAR,    5407 ANDREWS HIGHWAY,    MIDLAND, TX 79706-2851
4613002*   INTERNAL REVENUE SERVICES,    BANKRUPTCY SECTION,    BOX 7346,    PHILADELPHIA, PA 19101-7346
                                                                   TOTALS: 0, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 01, 2018                    Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 28, 2018 at the address(es) listed below:
NONE.                                                            TOTAL: 0

<table>
<tr><td colspan="2"><strong>Information to identify the case:</strong></td></tr>
</table>

| Debtor 1 | **ELVIN J OTERO MARTINEZ** | | | Social Security number or ITIN **xxx–xx–4420** |
| | First Name | Middle Name | Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name | Middle Name | Last Name | Social Security number or ITIN  _ _ _ _<br>EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | **District of Puerto Rico** | | | Date case filed for chapter **13  7/27/18** |
| Case number: | **18–04264 –ESL 13** | | | |

## Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|---|
| 1. | **Debtor's full name** | ELVIN J OTERO MARTINEZ | |
| 2. | **All other names used in the last 8 years** | aka ELVIN JOSE OTERO MARTINEZ, dba ELVIN ELECTRIC | |
| 3. | **Address** | APARTADO 257<br>OROCOVIS, PR 00720 | |
| 4. | **Debtor's attorney**<br>Name and address | VICTOR THOMAS SANTIAGO<br>127 DE DIEGO AVE APT 1–A<br>SAN JUAN, PR 00911 | Contact phone 787 722–5601<br>Email  vthomas@thomasmag.com |
| 5. | **Bankruptcy trustee**<br>Name and address | JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00902–3884 | Contact phone 787 977–3535<br>Email  newecfmail@ch13–pr.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at  www.pacer.gov. | Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901 | Hours open  8:00 AM – 4:00 PM<br>Contact phone (787) 977–6000<br>Date: 7/28/18 |

<strong>For more information, see page 2</strong>

| | | | |
|---|---|---|---|
| **7. Meeting of creditors** Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **August 30, 2018 at 01:00 PM** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: **OCHOA BUILDING, 500 TANCA STREET , FIRST FLOOR, SAN JUAN, PR 00901** | |

| | | |
|---|---|---|
| **8. Deadlines** The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts** **You must file:** <br> • a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or <br> • a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 10/29/18** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 10/5/18** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 1/23/19** |
| | **Deadlines for filing proof of claim:** A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| | |
|---|---|
| **9. Filing of plan** | The debtor has filed a plan. The hearing on confirmation will be held on: **10/5/18** at **11:00 AM** , Location: **300 RECINTO SUR STREET, COURTROOM 2 SECOND FLOOR, SAN JUAN, PR 00901** An objection to confirmation of the chapter 13 plan shall be filed at least 7 days prior to the hearing on confirmation. The confirmation hearing may be continued by announcement at the confirmation hearing of the continued date and time without further written notice. |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. |

Exhibit #3







<u>Exhibit #4</u>

 Gmail

**Ignacio Garcia <ignaciolaw@gmail.com>**

---

## Conferencia BA-1596

---

**Nadine Rivera** <narivera@daco.pr.gov>                                    Fri, Oct 28, 2022 at 8:56 AM
To: Ignacio Garcia <ignaciolaw@gmail.com>, William Diaz <Lcdo_diaz@icloud.com>, Christian Varela Valentín
<lcdocvarelav@gmail.com>

---

# Microsoft Teams meeting

**Join on your computer, mobile app or room device**

Click here to join the meeting

Meeting ID: 225 031 105 446
Passcode: SMgq3J

Download Teams | Join on the web

Learn More | Meeting options

---

📄 **invite.ics**
4K

---

Exhibit #5

**DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR**
**OFICINA REGIONAL DE BAYAMÓN**
**Centro Gubernamental Primer Nivel**
**PO BOX 1498**
**BAYAMON, P.R 00960**
**Teléfonos: (787) 780-7001; (787) 780-7541**

| | |
|---|---|
| **PARTE QUERELLANTE**<br>ELVIN J. OTERO MARTINEZ<br><br>**Vs.**<br><br>**PARTE QUERELLADA**<br>ELIUT ORTIZ MALDONADO Y CATALINA<br>ROSARIO SUAREZ; ELIUT<br>CONSTRUCTION, INC. | **QUERELLA NÚM. :**<br><br>BA0010596<br><br>**SOBRE:**<br><br>Construcción |

**NOTIFICACIÓN Y ORDEN**

Las partes han presentado varias mociones, examinadas las mismas se resuelve lo siguiente:

1. Se declara No Ha Lugar a la solicitud de desestimación de la querella.
2. Se toma conocimiento de la enmienda a la querella presentada por la parte querellante el 30 de junio de 2017.
3. Se toma conocimiento de la Moción en Cumplimiento de Orden presentada por la parte querellante el 30 de junio de 2017.

Por otro lado, el 30 de junio de 2017, la parte querellante presentó un documento titulado Moción Informativa sobre Solicitud de Producción de Evidencia y/o Documentos a Utilizarse en la Vista Administrativa; y el 14 de julio de 2017, la parte querellada presentó una Moción Solicitando Prórroga para Notificar Perito y Contestar Descubrimiento de Prueba. Examinadas ambas mociones, resolvemos lo siguiente:

El 18 de agosto de 2017, las partes presentarán en el Departamento un Informe de Conferencia de Conferencia con Antelación a la Vista Administrativa junto a la prueba que pretendan presentar durante la misma, a tenor con la Regla 20.7 del Reglamento de Procedimientos Adjudicativos del DACO, vigente.

Además, se le ordena a las partes que en o antes del 11 de agosto de 2017, provean tres alternativas de fechas que ambas partes y sus peritos tengan hábiles para la celebración de la vista administrativa de la presente querella.

En Bayamón, Puerto Rico a, 25 de julio de 2017.

Lcdo. Michael Pierluisi Rojo
Secretario

Lcda. Liza Estrada Figueroa
Juez Administrativo

**CERTIFICO que hoy 25 de julio de 2017, se archivó en autos este documento y se envió copia por correo regular a:**

ELVIN J. OTERO MARTINEZ
PO BOX 257
OROCOVIS, PR  00720

ELIUT ORTIZ MALDONADO Y
CATALINA ROSARIO SUAREZ
PO BOX 1588
OROCOVIS, PR  00720

LCDA. FLOR SELENITA RODRIGUEZ
503 CALLE MODESTA APT. 507
SAN JUAN, PR  00924-4519

LCDO. IGNACIO GARCIA FRANCO
PO BOX 361844
SAN JUAN, PR  00936-1844

Firma:_____



**DEPARTAMENTO DE ASUNTOS
DEL CONSUMIDOR**

Regional San Juan
PO Box 41059 Minillas Station
San Juan, Puerto Rico 00940
787-722-7555
www.daco.pr.gov

| | |
|---|---|
| **QUERELLANTE**<br>ELVIN OTERO MARTÍNEZ | **QUERELLA NÚMERO**<br><br>BA0010596 |
| **Vs** | |
| **QUERELLADO**<br>ELIUT ORTIZ MALDONADO<br>CATALINA ROSARIO SUAREZ<br>ELIUT CONSTRUCTION, INC. | **SOBRE**<br>**LEY NÚM. 5 DE 23 DE ABRIL DE**<br>**1973 (LEY ORGÁNICA DE DACO)** |

## NOTIFICACIÓN

Con el objeto de dilucidar la presente querella, se citó a las partes de epígrafe a una vista del estado de los procedimientos, el día 9 de mayo de 2019, a las 9:30 a.m.

A dicha vista asistieron:

1. Elvin Otero, parte querellante
2. Lcdo. Ignacio García Franco, abogado de la parte querellante
3. Lcdo. William Díaz Natal, abogado de la parte querellada
4. Lcdo. Christian Varela Valentín, abogado de la parte querellada

Reunidos en sala, la parte querellada solicitó la desestimación de la presente querella. En atención a ello, se le concedió un término de veinte días para que realizaran sus planteamientos por escrito.

El 24 de junio de 2019, la parte querellada presentó ante este Foro el escrito titulado Moción En Cumplimiento de Orden y Solicitud De Desestimación.

El 17 de febrero de 2020, la parte querellante radicó la moción titulada Oposición A Tercera Solicitud De Desestimación Y Urgente Solicitud A Vista Administrativa En Su Fondo.

Luego de examinar las mociones antes mencionadas, se emite la siguiente:

### ORDEN

**Se declara No Ha Lugar la moción de desestimación presentada por la parte querellada de epígrafe.**

**Se cita a las partes de epígrafe a una vista administrativa por videoconferencia los días 19 y 20 de abril de 2021, a las 9:00 a.m, con los mismos apercibimientos de la citación anterior.**

En San Juan, Puerto Rico, a 18 de febrero de 2021.

Lcdo. Edan Rivera Rodríguez
Secretario

Lcda. Nadine Rivera Moret
Juez Administrativo

REMITIDO POR CORREO: _____ FEB 18 2021 _____

CERTIFICO: Que en esta misma fecha se archivó en Autos y se envió por correo copia de la presente **NOTIFICACIÓN** a las siguientes personas:

ELVIN OTERO MARTÍNEZ
PO BOX 257
OROCOVIS, PR 00720

ELIUT ORTIZ MALDONADO
CATALINA ROSARIO SUAREZ
PO BOX 1588
OROCOVIS, PR 00720

LCDO. IGNACIO GARCÍA FRANCO
PO BOX 361844
SAN JUAN, PR 00936-1844

LCDO. WILLIAM DIAZ NATAL
PO BOX 135
MANATÍ PR 00674

LCDO. CHRISTIAN VARELA VALENTÍN
PASEO LAS OLAS
347 CALLE TIBURON
DORADO, PR 00646

FIRMA_____

Exhibit #6



ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR
OFICINA REGIONAL DE BAYAMÓN
APARTADO 1498
BAYAMON, PR  00960

| | |
|---|---|
| ELVIN J. OTERO MARTÍNEZ | QUERELLA NÚM.: BA0010596 |
| Querellante | |
| | SOBRE: |
| Vs. | |
| | CONSTRUCCIÓN |
| ELIUT  ORTÍZ  MALDONADO  Y  CATALINA ROSARIO SUÁREZ; ELIUT CONSTRUCTION, INC. | |
| Querellados | |

### ENMIENDA QUERELLA

AL ILUSTRADO DEPARTAMENTO:

COMPARECE la parte querellante por conducto de la representación legal que suscribe y muy respetuosamente EXPONE, ALEGA Y SOLICITA:

1.   La parte querellante presentó la querella de epígrafe el 24 de septiembre de 2015. En la misma, se detallan los defectos en la construcción que fuera realizada por el querellado.

2.   Se enmienda la querella para establecer que las deficiencias en la construcción que allí se detallan constituyen vicios de construcción y/o ruina.

3.   Así, se enmienda la querella para establecer que en base a los defectos en la construcción realizada por el querellado que se detallan en la misma, es la posición del querellante que la propiedad adolece de graves defectos de construcción que lo hacen impropio para los fines que fue adquirido por el querellante.

4.   En adición, se enmienda la querella para establecer que a pesar de que los graves defectos de la propiedad objeto de la presente querella no comprometen la solidez o estabilidad del mismo, estos si afectan elementos destinados a larga duración.

5.   Así mismo, se enmienda la querella para establecer que los graves defectos de la propiedad objeto de la presente querella afectan su utilización y disfrute por parte de los querellantes, ocasionando la ruina funcional del apartamento.

6.   De otra parte, se enmienda la querella para establecer que graves defectos de la propiedad objeto de la presente querella no sólo son el producto de la culpa o negligencia del querellado, sino de su incumplimiento para con el contrato habido entre las partes, incluyendo pero no limitado al contrato de construcción y/o de compraventa.

7.   De igual forma, se enmienda la querella para establecer que la parte querellada fue quien construyó y vendió la propiedad objeto de la querella.

8.  Por otro lado, se enmienda la querella para establecer que los hechos descritos en la misma han ocasionado y continúan ocasionándole daños y perjuicios a la parte querellante, que se estiman en una cifra no menor de **$100,000.00**. Dichos daños incluyen, pero no se limitan, a las angustias emocionales que ha sufrido el querellante, así como el costo de las reparaciones de los vicios de construcción y/o ruina que se reclaman en la querella.

9.  Se enmienda la querella para establecer que los daños sufridos por la parte querellante son a consecuencia del incumplimiento contractual de los querellados (daños contractuales), así como por los querellados faltar a su deber general de diligencia necesario para la convivencia social (daños extracontractuales). El incumplimiento contractual del querellado es doloso.

10. Finalmente, se enmienda la súplica de la querella para que lea de la siguiente forma:



    a.  Se ordene a los querellados la compensación en daños y perjuicios a favor de la parte querellante en una suma no menor de $100,000.00.

    b.  Se ordene a los querellados al pago de honorarios de abogado a favor de la querellante por la cantidad de $5,000.00, por temeridad y por haber obligado a la querellante a incurrir en gastos legales para proteger sus derechos, derechos conocidos por los querellados.

    c.  Se ordene a los querellados al pago de perito incurridos o que habrá de incurrir la parte querellante para la adjudicación de la querella de epígrafe.

    d.  Se ordene cualquier otro remedio o multa que en derecho proceda.

11. El resto del contenido de la querella original, radicada el 24 de septiembre de 2015, se mantiene inalterada y se incorpora a la presente moción.

12. Tratándose de una enmienda que está siendo presentada con más de veinte (20) días de anticipación a la vista administrativa del caso, pautada para el 23 de mayo de 2017, la admisión de la presente enmienda a la querella es automática y mandatoria. *Véase* Regla 16.1 del Reglamento 8034, conocido como Reglamento de Procedimientos Adjudicativos de este Honorable Departamento.

13. La parte querellante se reserva el derecho de enmendar la presente querella, particularmente una vez culminada la etapa de descubrimiento de prueba.

POR TODO LO CUAL, respetuosamente se solicita de este Honorable Departamento que se admita la presente enmienda a querella.

Respetuosamente sometida en San Juan, Puerto Rico hoy 30 de junio de 2017.

Certifico haber enviado copia fiel y exacta del presente escrito a: Eliut Ortíz Maldonado & Catalina Rosario Suárez & Eliut Gonstruction, Inc. p/c Lcda. Flor Selenita Rodríguez González a su dirección de correo electrónico de record: selenirodriguez@gmail.com.

LCDO. IGNACIO GARCÍA FRANCO
RUA 19,298
P.O. Box 361844
San Juan, PR 00936-1844
Tel.: 787.478.3379 / Fax: 1.888.860.9135
Email: ignaciolaw@gmail.com

Exhibit #7

```
Label Matrix for local noticing        DEPARTAMENTO DE HACIENDA           Deutshe Bank National Trust Company as Certi
0104-3                                  PO BOX 9024140                     PO BOX 2301
Case 18-04264-ESL13                     OFICINA 424-B                      Jersey City, NJ 07303-2301
District of Puerto Rico                 SAN JUAN, PR 00902-4140
Old San Juan
Tue Oct 25 20:59:12 AST 2022


FRANKLIN CREDIT MANAGEMENT CORPORATION as se    INTERNAL REVENUE SERVICE          PR DEPARTMENT OF LABOR
CARDONA JIMENEZ LAW OFFICES, PSC                CENTRALIZED INSOLVENCY OPERATIONS  PO BOX 195540
PO BOX 9023593                                  PO BOX 7346                        HATO REY, PR 00919-5540
SAN JUAN, PR 00902-3593                          PHILADELPHIA, PA 19101-7346


TREASURY DEPARTMENT OF THE COMMONWEALTH OF P    US TRUSTEE                        US Bankruptcy Court District of P.R.
DEPARTMENT OF JUSTICE                           EDIFICIO OCHOA                    Jose V Toledo Fed Bldg & US Courthouse
FEDERAL LITIGATION DIVISION                     500 TANCA STREET SUITE 301        300 Recinto Sur Street, Room 109
PO BOX 9020192                                  SAN JUAN, PR 00901-1922           San Juan, PR 00901-1964
SAN JUAN, PR 00902-0192


ASSOCIATES                              ASSOCIATES FINANCE                 Att Services
PO BOX 11917                            PO BOX 11917                       Po Box 192830
SAN JUAN, PR 00922-1917                 SAN JUAN, PR 00922-1917            San Juan, PR 00919-2830


BUFETE VAZQUEZ & VIZCARRONDO LLP        CATALINA ROSARIO SUAREZ            CINGULAR
LCDA. DIOMARIE LABOY RIVERA             PO BOX 1588                        5407 ANDREWS HIGHWAY
PO BOX 195389                           OROCOVIS, PR 00720-1588            MIDLAND, TX 79706-3615
SAN JUAN, PR 00919-5389


CITI CARDS                              CITIBANK                           CITIBANK CCSI
PO BOX 11917                            PO BOX 11917                       PO BOX 11917
SAN JUAN, PR 00922-1917                 SAN JUAN, PR 00922-1917            SAN JUAN, PR 00922-1917


CITIBANK MORTGAGE                       CITIBANK NA                        CITIBANK SOUTH DAKOTA
PO BOX 11917                            PO BOX 11917                       PO BOX 11917
SAN JUAN, PR 00922-1917                 SAN JUAN, PR 00922-1917            SAN JUAN, PR 00922-1917


CITIBANK USA                            CITICARDS                          CITICARDS CREDIT SERVICES
PO BOX 11917                            PO BOX 11917                       PO BOX 11917
SAN JUAN, PR 00922-1917                 SAN JUAN, PR 00922-1917            SAN JUAN, PR 00922-1917


CITICARDS SEARS                         CITICORP DINERS                    CITICORP FINANCE
PO BOX 11917                            PO BOX 11917                       PO BOX 11917
SAN JUAN, PR 00922-1917                 SAN JUAN, PR 00922-1917            SAN JUAN, PR 00922-1917


CITIFINANCIAL                           Citibank  South Dakota   N.a.     DEPARTAMENTO DE HACIENDA DE PR
PO BOX 11917                            PO BOX 740281                      CAPITAL CENTER-TORRE NORTE SUITE 1504
SAN JUAN, PR 00922-1917                 HOUSTON, TX 77274-0281             235 AVE ARTERIAL HOSTOS
                                                                          SAN JUAN, PR 00918-1451
```

DEPARTAMENTO DE HACIENDA DE PR
PO BOX 9020192
SAN JUAN, PR 00902-0192

DEPARTMENT OF TREASURY
BANKRUPTCY SECTION 424 B
PO BOX 9024140
SAN JUAN, PR 00902-4140

DORAL FINANCIAL CORPORATION
LOPEZ SANCHEZ PIRILLO & HYMOVITZ LLC
PO BOX 11917
SAN JUAN, PR 00922-1917

Deutshe Bannk National Trust Company as cert
trustee on behalf od Bosco Credit Trust
po box 2301 Jersey City, NJ 07303-2301

ELIUT ORTIZ MALDONADO
PO BOX 1588
OROCOVIS, PR 00720-1588

FRANKLYN CREDIT MANAGEMENT
PO BOX 362394
SAN JUAN, PR 00936-2394

INTERNAL REVENUE SERVICES
BANKRUPTCY SECTION
BOX  7346
PHILADELPHIA, PA 19101-7346

LCDO. EFRAIN HERNANDEZ ALICEA
PO BOX 1193
COROZAL, PR 00783-1193

LCDO. IVAN L MONTALVO BURGOS
108 SUR CALLE LUIS MUNIZ RIVERA
CAYEY, PR 00736-4763

LVNV Funding, LLC its successors and assigns
assignee of Citibank (South Dakota),
N.A.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lvnv Funding Llc
Po Box 740281
Houston, TX 77274-0281

PANAMERICAN/CITIBANK
PO BOX 11917
SAN JUAN, PR 00922-1917

(p)LUMA ENERGY
REVENUE PROTECTION
PO BOX 364267
SAN JUAN PR 00936-4267

(p)PUERTO RICO TELEPHONE COMPANY DBA CLARO PR
PO BOX 360998
SAN JUAN PR 00936-0998

CATALINA ROSARIO SUAREZ
c/o FERRAIUOLI LLC
PO BOX 195168
SAN JUAN, PR 00919-5168

ELIUT ORTIZ MALDONADO
c/o FERRAIUOLI LLC
PO BOX 195168
SAN JUAN, PR 00919-5168

ELVIN J OTERO MARTINEZ
RR 1 BUZON 10751
OROCOVIS, PR 00720-9675

(p)PUERTO RICO DEPARTMENT OF JUSTICIE
APARTADO 9020192
SAN JUAN PR 00902-0192

IGNACIO GARCIA FRANCO
PO BOX 361844
SAN JUAN, PR 00936-1844

JOSE RAMON CARRION MORALES
PO BOX 9023884
SAN JUAN, PR 00902-3884

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

ROSA E RODRIGUEZ VELEZ
US ATTORNEYS
TORRE CHARDON STE 1201
350 CARLOS E. CHARDON AVE
SAN JUAN, PR 00918-2124

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

PREPA - BANKRUPTCY OFFICE
PO BOX 364267
SAN JUAN PR 00936

PUERTO RICO TELEPHONE dba CLARO
FRANCISCO SILVA, ESQ
PO BOX 360998, SAN JUAN, PR, 00936-0998

FEDERAL LITIGATION DEPT. OF JUSTICE
PO BOX 9020192
SAN JUAN, PR 00902-0192