**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 18-04264 (ESL) |
| ELVIN J. OTERO MARTINEZ | CHAPTER 13 |
| Debtor. | |

**OPPOSITION TO DEBTOR'S "*MOTION TO STRIKE DOCUMENT AND/OR DISMISS CREDITOR ELIUD ORTIZ AND CATALINA ROSARIOS MOTION TO DISMISS WITH A 1-YEAR BAR TO REFILE*"**
(Related ECF No. 123)

TO THE HONORABLE COURT:

COMES NOW creditors Eliut Ortiz Maldonado and Catalina Rosario Suárez ("Creditors"), through its undersigned counsel, and respectfully states and prays as follows:

Procedural Background

1. On July 27, 2018, the Debtor filed the instant third Chapter 13 bankruptcy petition, along with his *Schedules* and *Statement of Financial Affairs* (ECF No. 1).

2. On July 12, 2022, Creditors filed a *Motion to Dismiss* with a 1-year bar to re-file a bankruptcy case (the "*Motion to Dismiss*", ECF No. 84) affording a 30-day objection notice. The *Motion to Dismiss* was premised on the Debtors' failure to disclose assets. The Debtor did not file a timely response.

3. On August 15, 2022, the Court entered the following *Order Dismissing Case* (ECF No. 85):

> The motion to dismiss filed by Eliut Ortiz Maldonado and Catalina Rosario Suarez (Docket #84) having been duly notified to all parties in interest, and no replies having been filed, it is now
>
> ORDERED that the instant case be and is hereby dismissed for the reasons stated in the motion to dismiss; and it is further
>
> ORDERED that the Clerk shall dismiss and close any contested matter or adversary proceeding related to the instant case. The debtor is enjoined from filing a bankruptcy petition for a period of one year.

*Order Dismissing Case*, ECF No. 85.

4. On August 16, 2022, the Debtor filed a *Motion for Reconsideration of Dismissal and Extension of Time to Respond to Motion to Dismiss* (the "*Motion for Reconsideration*", ECF No. 87). The Debtor's only allegation was that on August 11, 2011 (that is, the last day to file a response to the *Motion to Dismiss*) the Debtor's attorney became "substantially ill and was later diagnosed with COVID-19". Id., p. 2, ¶ 6.

5. On August 20, 2022, the Creditors filed an *Opposition to Motion for Reconsideration* (ECF No. 90).

6. After a series of motions for leave to reply and extensions of time (ECF Nos. 91, 93, 94, 98 and 99), which were duly granted (ECF Nos. 96, 100 and 101), on October 12, 2022, the Debtor filed a *Response to Opposition to Motion for Reconsideration* (the "*Response*", ECF No. 102).

7. On October 12, 2022, the Court entered an *Order Denying Reconsideration* (ECF No. 103), noting that "neither the motion for reconsideration nor the debtor's response to creditor's opposition (docket #102) contest the facts alleged in the motion to dismiss as constituting cause for the dismissal of the case, that is, concealment of assets."

8. On October 25, 2022, the Debtor filed a *Motion for Relief of Order Dismissing Case (Doc. No. 85) and Order Denying Reconsideration … Pursuant to Fed. R. Civ. P. Rule 60(B)* (the "*Second Motion for Reconsideration*", ECF No. 108).

9. On November 10, 2022, the Court entered an *Order* granting the Debtor's *Second Motion for Reconsideration*, finding that "[t]he court is conscious that the allegations in Creditors' motion to dismiss […] do constitute cause for dismissal under 11 U.S.C. §1307(c). However, notice and due process take precedence" (ECF No. 118, p. 2, lines 5-8). The Court also ordered "Creditors to serve the motion to dismiss to the debtor […] [and] the debtor shall reply to the motion to dismiss within fourteen days from service of the same". Id., p. 2, lines 23-25.

10. On November 10, 2022, Creditors refiled the *Motion to Dismiss* (ECF No. 120) and filed a certificate of service certifying that the *Motion to Dismiss* was served upon the Debtor at his address of record (ECF No. 121) in compliance with the *Order* (ECF No. 118).

11. On November 14, 2022, instead of complying with the *Order* and replying to the *Motion to Dismiss*, the Debtor filed a *Motion to Strike Document and/or Dismiss Creditor Eliud Ortiz and Catalina Rosarios Motion to Dismiss with a 1-Year Bar to Refile* (the "*Motion to Strike*", ECF No. 123) restating the same arguments as in his prior *Response*, which the Court already considered and rejected in its *Order Denying Reconsideration* (ECF No. 103). Compare the *Response* (ECF No. 102, pp. 10-12, ¶¶ 43-49) with the *Motion to Strike* (ECF No. 123).

12. The Debtor's arguments in the *Motion to Strike* are twofold: (i) "[a]n order confirming a Chapter 13 plan is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation" (ECF No. 123, p. 1, ¶ 1); and (ii) "Creditors are not only non-claim holders in the instant case, but creditors whose pre-petition involuntary judicial lien was avoided by this Honorable Court" (ECF No. 123, p. 4, ¶ 16) and they did not file a proof of claim.

Applicable Law and Discussion

(A)  Creditors have a right to move for dismissal under Section 1307(c) of the Bankruptcy Code.

13. Section 1307(c) of the Bankruptcy Code allows a "party in interest" to move for dismissal.

14. A "party in interest" is defined as one "whose pecuniary interests are directly affected by the bankruptcy proceedings." In re Davis, 239 B.R. 573, 579 (10th Cir. B.A.P. 1999). The Debtor argues that Creditor cannot file a motion to dismiss because they did not a proof of claim or object to the plan and PCM (ECF No. 123, p. 8, ¶ 27).

15. However, not filing a proof of claim served only to "curtail[] [Creditors'] right to payment under a confirmed plan which would have discharged his claim were the plan fully performed. But were the case dismissed for any reason […] [Creditors'] claim would not have been discharged. Accordingly, [Creditor] ha[s] a pecuniary interest in the case sufficient for the [them] to seek its dismissal". In re Torres Martinez, 397 B.R. 158, 164 (B.A.P. 1st Cir. 1st 2008).

16. Hence, Creditors are a "party in interest" under Section 1307 of the Bankruptcy Code and may move for dismissal accordingly.

*(B) Creditors are not barred/precluded to move for dismissal under res judicata effect of the confirmed Chapter 13 Plan.*

17. It is well established that a debtor's failure to fully disclose assets is sufficient ground for "cause" to dismiss despite the lack of any express statutory reference. See In re Lopez Llanos, 578 B.R. 700 (Bankr. D.P.R. 2017) (Lamoutte, B.J.) (dismissing a Chapter 13 case for failure to comply with duty to disclose and concealment of assets); In re Alexander, 363 B.R. 917 (B.A.P. 10th Cir. 2007) (affirming dismissal for cause where debtor failed to list several properties and vehicles); In re Feldman, 597 B.R. 448 (Bankr. E.D.N.Y. 2019) (debtor misstated income in statement of financial affairs and omitted assets from schedules); In re Ciarcia, 578 B.R. 495 (Bankr. D. Conn. 2017) (bad faith conduct included failure to list two personal injury lawsuits and several creditors); In re Bouchard, 560 B.R. 385 (Bankr. D. R.I. 2016) (numerous inaccuracies in schedules, including failure to list bank account, watch, security deposit, and electrician's license constituted grounds for dismissal); Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 373 (2007) (debtor's misleading and inaccurate statements in schedules about value and prepetition transfer of house would justify dismissal or conversion under § 1307(c)).

18. As stated by the Court in the *Order* entered on November 10, 2022, "the allegations in Creditors' motion to dismiss […] **do constitute cause for dismissal under 11 U.S.C. §1307(c)**" (ECF No. 118, p. 2, lines 5-8, boldface added).

19. Among the eleven non-exhaustive list of "causes" listed in Section 1307(c), some deal with pre-confirmation situations. Others, however, apply to post-confirmation events. See 11 U.S.C. § 1307(c)(6)-(8). The remaining causes could arise either pre or post-confirmation. Tellingly, the statute contains no time limit requiring that the motion be filed prior to plan confirmation. Hence, "Section 1307 does not impose any time deadline on the filing of a dismissal motion." In re Frank, 638 B.R. 463, 467 (Bankr. D. Colo. 2022).

20. By way of contrast, other sanctions for a debtor's misconduct have express statutory time limitations. For example, under Section 1330, a party in interest may move for the revocation of a confirmation order "if such order was procured by fraud", 11 U.S.C. § 1330(a), but

-4-

only if such request is filed "within 180 days after the date of the entry of an order of confirmation..."

Id.

21. In the recent case of In re Reppert, 643 B.R. 828 (Bankr. W.D. Pa. September 30, 2022), the Court dismissed a Chapter 13 under Section 1307(c) of the Bankruptcy Code because of the debtor's failure to disclose assets <u>even when the debtor had "completed all payments under her confirmed chapter 13 plan"</u> with a 2-year bar to refile. Id. at 836 (underline added). The Court considered that "if the rule is that a court is powerless to punish bad faith conduct after payments are completed, then debtors whose bad faith is revealed prior to the entry of discharge can avoid all negative consequences so long as there is insufficient time for anyone to do anything about it." Id. at 840. It then concluded as follows:

> Given that the Supreme Court affirmed the absence of an "Oops" defense to the concealment of assets in Marrama v. Citizens Bank of Massachusetts, there cannot possibly be a "Gotcha!" defense for those who lay bare their sins at the last minute. Rewarding cheaters would also diminish the accomplishments of the honest debtors who work hard to earn a discharge. Accordingly, **the Court holds that section 1328(a) does not bar dismissal under section 1307(c) once plan payments have been completed.**

Id. at 842 (boldface added).

22. In In re Wheeler, 503 B.R. 694 (Bankr. N.D. Ind. 2013), a Chapter 13 trustee filed a motion to dismiss post-confirmation because the debtors did not disclose significant changes in their income during the life of the plan. The Court found that:

> The proper functioning of the bankruptcy system depends upon the complete and accurate disclosure of information concerning the debtor's assets, liabilities, income, expenses and financial affairs. See Stamat v. Neary, 635 F.3d 974, 983 (7th Cir.2011); U.S. v. Ellis, 50 F.3d 419, 423 (7th Cir.1995); In re Bernard, 99 B.R. 563, 570 (Bankr. S.D.N.Y.1989) ("complete disclosure is the touchstone of a bankruptcy case"). Although most of these disclosures are made at the time the petition is filed, chapter 13 debtors, in particular, have an ongoing obligation to provide the trustee with information concerning their income and expenses until the case is closed. See, 11 U.S.C. § 521(f)(4); Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1274 (11th Cir. 2010) (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002)) ("the duty to disclose ... does not end once the forms are submitted to the bankruptcy court....").
> […]
> [A] debtor is not entitled to pick and choose which information it will give the trustee and what it can withhold. See e.g., In re Phillips, 476 Fed.Appx. 813, 819 (11th Cir. 2012) U.S. v. Ellis, 50 F.3d at 423–24; In re Chalik, 748 F.2d 616, 618 (11th Cir.1 984); In re Tripp, 224 B.R. 95, 98 (Bankr. N.D. Iowa 1998). To the contrary, all

> material information must be disclosed. <u>Matter of Yonikus</u>, 974 F.2d 901, 904 (7th Cir. 1992) ("Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate."); <u>Chalik</u>, 748 F.2d at 618; <u>Tripp</u>, 224 B.R. at 98; <u>In re Martin</u>, 141 B.R. 986, 997–98 (Bankr. N.D. Ill. 1992). A matter is material if it relates to the debtor's assets, liabilities or financial affairs, and that may include the debtor's income. <u>Stamat v. Neary</u>, 635 F.3d at 982.
>
> By not disclosing that income, the debtors denied the trustee and creditors the opportunity to consider what, if anything, they might want to do as a result of that change in their circumstances. They might have done nothing; but it is also possible that they might have sought to modify the confirmed plan. Nonetheless, they were deprived of that material information and so had nothing to evaluate or to act upon.

<u>In re Wheeler</u>, 503 B.R. 694-697.

23. Here, it is *undisputed* that the Debtor failed to disclose his legal and/or equitable interests in and/or connections to "Cooperativa de Trabajo Asociado de Comunicaciones de Puerto Rico Comuni Coop." or "ElvinElectric, Inc.", which had to be disclosed in *Schedule A/B* and *Statement of Financial Affairs*. Such failure to disclose (under oath) constitutes cause to dismiss the instant case.

24. In fact, the Debtor has conceded that he did not disclose assets, which was the reason why the court entered the *Order Dismissing Case* (ECF No. 85). For instance, in the *Sworn Affidavit* attached to the *Second Motion for Reconsideration*, the Debtor admits that "ELVINELECTRIC is a for-profit entity that [he] incorporated in November 27, 2017, around eight (8) months before the day that [he] filled [his] bankruptcy case", where he does won "ten (10) shares", valued at "$100.00" (ECF No. 108, p. 14, ¶¶ 11-12). Even if the Debtor believed those assets to be worthless, he *still* had an "absolute duty to report" them, <u>In re Wood</u>, 291 B.R. 219, 226 (B.A.P. 1st Cir. 2003), and he did not. <u>See</u> *Schedule A/B*, ECF No. 15, p. 5, Part 4, ¶ 19 (where the Debtor disclosed under oath that he did *not* have any legal or equitable interest in any non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture).

25. As this court correctly remarked in its November 10, 2022 *Order*, "[t]he court is conscious that the allegations in Creditors' motion to dismiss […] do constitute cause for dismissal under 11 U.S.C. §1307(c)." *Order*, ECF No. 118, p. 2, lines 5-8. The Debtor's egregious

concealment of assets and failure to comply with his absolute duty to report warrants nothing less than dismissal.

26. Therefore, Creditors are not barred/precluded from filing the *Motion to Dismiss* under *res judicata* principles.

### Prayer for Relief

WHEREFORE, Creditors respectfully move the Court to deny the Debtor's *Motion to Strike* (ECF No. 123), proceed to dismiss the case, and issue any further relief that is fair and equitable.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 16th day of December 2022.

### Certificate of Service

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtors' counsel, the Chapter 13 Trustee, the U.S Trustee for Region 21, and all parties that requested notice. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R.2014).

**Ferraiuoli** LLC
Attorneys for Creditors
PO Box 195168
San Juan, PR 00919-5168
Tel.: (787) 766-7000
Fax: (787) 766-7001

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com