## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In Re:

**ELVIN J. OTERO MARTINEZ
(XXX-XX-4420)**

**Debtor(s)**

Case No.: **18-04264 ESL**

Chapter 13

### DEBTOR'S RESPONSE TO CREDITORS OPPOSITION TO "MOTION TO STRIKE DOCUMENT AND/OR DISMISS" (DOC. NO. 138)

TO THE HONORABLE COURT:

COMES NOW Debtor, through the undersigned counsel, and very respectfully avers and prays a follow:

1. Before this Honorable Court's consideration is Debtor's "Motion to Strike Document and/or Dismiss Creditor Eliut Ortiz and Catalina Rosario's Motion to Dismiss with a 1-Year Bar to Refile" (Doc. #123), filed on November 14th, 2022 (hereinafter "Motion to Strike or Dismiss"). Said motion is predicated on this very same Court's precedents regarding the *res judicata* effect of Debtor's confirmed Chapter 13 Plan.

2. On December 16th, 2022 Creditor Eliut Ortiz and Catalina Rosario (hereinafter "Creditors") filed an Opposition to Debtor's Motion to Strike or Dismiss (Doc. #138; hereinafter "Opposition"). Creditors Opposition is predicated on three (3) out of district bankruptcy decisions, two (2) of which are inapposite to the facts at bar and a third that favors Debtor's position, as well as a nonbinding dicta contained in the Court's November 10th, 2022 Order relieving the prior dismissal of the case for lack of proper service (Doc. #118).

3. For the reasons discussed herein Debtor respectfully requests that this Honorable Court deny Creditors Opposition and grant Debtor's Motion to Strike or Dismiss.

4. As thoroughly discussed in our Motion to Strike or Dismiss, an order confirming a Chapter 13 plan is *res judicata* as to all justiciable issues that were or could have been raised at the

-1-

confirmation hearing. In re Echevarria, 212 B.R. 185, 188 1st Cir. BAP 1997, aff'd. 141 F.3d 1149 1st Cir.1998. The principle of *collateral estoppel* (or *issue preclusion*), bars relitigation of any factual or legal issue that was actually decided in previous litigation "between the parties, whether on the same or a different claim." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30-31 (1st Cir.1994).

5. Since the filing the petition in good faith is one of the requirements to confirm a plan under 11 U.S.C. §1325(a)(7), this very same Court has held that pursuant to 11 U.S.C. §1327(a) the **confirmation of the plan bars litigation or relitigation of the debtor's good faith on a motion to dismiss**. (Emphasis added) In re Marquez, Case No. 10-03882 (Bankr. P.R. 2011), quoting In re Curtis, 2010 Bankr. Lexis 1252; Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1325.08 (16th ed. 2011) ("Moreover, once a plan is confirmed, the confirmation order should constitute a binding determination that the petition was filed in good faith that **precludes granting dismissal on the grounds that the petition was not filed in good faith**"). (Emphasis added).

6. As long as there is "adequate notice" to a creditor of the bankruptcy case, the plan is binding on that creditor. In re Harvey, 213 F.3d 318, 321 (7th Cir. 2000). Consequently, absent timely appeal, confirmed Chapter 13 plan is res judicata and its terms are not subject to collateral attack; indeed, res judicata effect of plan confirmation may be eliminated only if confirmation is revoked or case is later dismissed or converted to another chapter. In re Galindez, 514 B.R. 79 (Bankr. D.P.R. 2014).

7. In the instant case, Creditors do not question the adequacy of the notice that was provided to them of the bankruptcy case and of the Chapter 13 plans that were confirmed. Moreover, Debtor's Motion to Strike or Dismiss included evidence of the same.

8. Nonetheless and as previously stated, Creditors Opposition is predicated on three (3) out of district bankruptcy decisions, two (2) of which are inapposite to the facts at bar and a third that favors Debtor's position, namely: In re Frank, 638 B.R. 463, 467 (Bankr. D. Colo. 2022), In re

Reppert, 643 B.R. 828 (Bankr. W.D. Pa. September 30, 2022) and In re Wheeler, 503 B.R. 694 (Bankr. N.D. Ind. 2013).

9. While in In re Frank, supra, the Court did in fact express that "Section 1307 does not impose any time deadline on the filing of a dismissal motion", Creditors conveniently omit that after considering the interplay of other sections of the Bankruptcy Code, including but not limited to § 1330 and § 1328(a), the Court held that the Trustees motion to dismiss for alleged bad faith due to Debtor's concealment of a pre-filing torts claim was untimely and barded by the principle of finality. While the Court recognized the complexity of the issue, its holding was clear in establishing that:

> "Here there are four specific statutes relevant to this inquiry: §§ 1328(a), 1328(e), 1329(a), and 1330(a). Both §§ 1328(a) and 1329(a) make explicit that the final plan payment cuts off any further plan modifications and mandates the entry of discharge, with only a few express exceptions not applicable here. **Sections 1330(a)** and 1328(e) demonstrate that **a party may seek revocation based on the debtor's fraud, but only if the requesting party acts within the narrow time periods permitted. After that, Congress favors finality over the need to address bad conduct**."

Id. at 471 (emphasis added)

10. As we can see, just as in this Court's holding in In re Marquez, supra, pursuant to In re Frank, supra, cited by Creditors in their Opposition, Debtor's Motion to Strike or Dismiss should be granted.

11. The cases of In re Reppert, supra, and In re Wheeler, supra, are inapposite to the facts at bar and are therefore inapplicable to the instant case, since both involve alleged *material default* by the debtor of the *confirmed plan* and/or the *failure to disclose changes in income or assets* that took place *post-confirmation*. In Wheeler, the Trustee "filed a motion to dismiss because the debtors did not disclose significant changes in their income *during the life of the plan*", while in Reppert the issue involved debtor's "failure to promptly disclose a *substantial post-petition asset*" (automobile) that took place *post-confirmation*.

12. In neither Reppert or Wheeler did the essential elements of *res judicata* (or claim preclusion) apply, since *post-confirmation* there were substantial changes in debtor's income or assets that were not properly disclosed. In addition, in both of these cases the determining factor in the dismissal were debtors' breach of their ongoing *post-confirmation* duty to inform changes in their income or assets, not their alleged breach of disclosure at the time of filing.

13. In addition, neither Reppert or Wheeler address the *res judicata* effect of a confirmed Chapter 13 Plan over all issues decided or which could have been decided at the hearing on confirmation, which under §1325(a)(7) expressly includes a judicial determination that the filing of the bankruptcy petition was in good faith. This can be explained by the fact that the improper conduct that was alleged against the debtor in both of these cases took place *post-confirmation*.

14. Finally, Creditors reiterated use of a nonbinding dicta contained in the Court's November 10th, 2022 Order relieving the prior dismissal of the case for lack of proper service (Doc. #118, p. 2, lines 5-8), cannot serve as a legal basis to eliminate the *res judicata* effect of Debtor's confirmed Chapter 13 Plan and much less o revoke prior precedent from this very same Court.

15. It is well known that only "holdings" are precedential, that is, parts of an order, judgment or opinion that focus on the legal questions actually presented and that decided the Court's determination of a matter of law pivotal to its decision. Everything else is "dicta" and not binding law. This is the case since principles are not established by what was said, but by what was decided; what was said is not evidence of what was decided unless it relates directly to the question presented for decision. *See* Arcam Pharm. Corp. v. Faría, 513 F.3d 1, 3 (1st Cir. 2007) ("We have held that 'when a statement in a judicial decision is essential to the result reached in the case, it becomes part of the court's holding.' The result, along with those portions of the opinion necessary to the result, are binding, whereas dicta is not." (citations omitted).

16. In the instant case the issue that was before the Court in its November 10th, 2022 Order was the Court's lack of in personam jurisdiction regarding Creditors initial motion to dismiss, on the basis of improper service. Therefore, any expression contained in said order regarding other aspects of the case is mere dicta and nonbinding, since they were not directly related to the legal question presented and decided by the Court's determination, and especially since the totality of circumstances standard that is applicable to motions to dismiss was never briefed nor applied by the Court in its November 10th, 2022 Order. In re Costa Bonita Beach Resort Inc., 479 B.R. 14, 40 (Bankr. D.P.R. 2012); In re Cabral, 285 B.R. 563 (B.A.P. 1st Cir. 2002).

17. In sum, as established through this instant response, nothing contained in Creditors Opposition properly refutes Debtor's legal basis for his Motion to Strike or Dismiss. Additionally, the out of district case law cited by Creditors in their Opposition does not serve as a basis for this Honorable Court to revoke or modify its holding in In re Marquez, supra. Moreover, Creditors blatant attempt to derail Debtor's pending civil lawsuit against them, in contravention of the *res judicata* effect of Debtor's confirmed Chapter 13 Plan, fact that was never refuted by Creditors in their Opposition, should be denied by this Honorable Court. Clearly, under the circumstances of the instant case, Creditors collateral attack on the confirmed Chapter 13 Plan is temerarious in nature and a clear example of vexatious litigation.

WHEREFORE, for the reasons stated above, it is respectfully requested that this Honorable Court deny Creditors Opposition (Doc. No. 138) and grant the remedies requested by Debtor in his "Motion to Strike Document and/or Dismiss" (Doc. No. 123).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF System which will send a notification, upon information and belief, of such filing to the following: The Chapter 13 Trustee, The United States Trustee and to all the CM/ECF participants of this case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this December 27th, 2022.

    IGNACIO GARCIA FRANCO
    USDC No. 231410
    Attorney for Debtor
    P.O. Box 361844
    San Juan, PR 00936
    Tel (787) 478-3379
    Fax 1-888-860-9135

    /s/ Ignacio García Franco, Esq
    Ignacio García Franco, Esq.
    E-mail: ignaciolaw@gmail.com

-6-